ALBERT E. NOLLET v. M. J. HOFFMANN AND ANOTHER.[1]

April 4, 1941.

No. 32,843.

[1]Reported in 297 N. W. 164.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, and *Charles E. Houston,* Special Assistant Attorney General, for appellant.

*Arthur A. Stewart,* for respondent.

HOLT, JUSTICE.

Plaintiff brings this action for a declaratory judgment. Defendant Hoffmann answered separately, to which a demurrer was interposed. From order sustaining the demurrer, Hoffmann appeals.

The pleadings are lengthy and it is not necessary to set out more than enough to show the substance of the controversy. Plaintiff sues in behalf of himself and a class, estimated at 1,000 men, who have worked in the state highway department since January 1, 1938, at an hourly wage, fully paid up to the bringing of the action, and avers that he and those for whom he sues have had no vacation with pay since January 1, 1938; that under the rules of the civil service board, promulgated under L. 1939, c. 441, plaintiff claims the right to a vacation of 24 days with pay, which defendant refuses to grant, and he seeks by this action to have his right thereto decreed. The answer admits the hiring of plaintiff and of those for whom he sues by appellant as commissioner of state highways; that they worked for hourly wages which have been fully paid up until the suit was instituted; admits that the rule involved went into effect April 10, 1940; and that plaintiff is entitled to a vacation with pay based upon service rendered after that date; but alleges that to allow such vacation with pay out of the highway fund based upon services rendered prior to the existence of the rule would be a pure gratuity not within appellant's powers to grant, and illegal. So the real controversy pre-

sented is whether or not plaintiff and those in his class are en-titled to vacation credits prior to April 10, 1940, when the rule came into existence.

There are a number of objections urged to the suit. One is that appellant is sued in his official capacity and the action must there-fore be held to be against the state and cannot be maintained without its consent. Berman v. Minnesota State Agric. Society, 93 Minn. 125, 100 N. W. 732; Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916. And since a demurrer reaches the first defective pleading (5 Dunnell, Minn. Dig. [2 ed. & 1932 Supp.] § 7547) the action cannot be maintained because against the state.

The attorney general appeared for appellant and answered to the merits of the complaint without a hint or suggestion of immunity to suit. It may also be urged that the declaratory judgment sought is not for recovery of damages against the state or the highway commissioner, but rather to define his administrative duties with reference to a rule promulgated by authority of a statute. State ex rel. Birkeland v. Christianson, 179 Minn. 337, 229 N. W. 313; Cooke v. Iverson, 108 Minn. 388, 122 N. W. 251, 52 L.R.A.(N.S.) 415. It therefore may be assumed that the attorney general has consented to litigate the issue his answer presents.

It is argued that there is no occasion for a declaratory judg-ment as to plaintiff's asserted right because the rule invoked allows an employe to "absent himself, without penalty, at such time as is necessary to prevent the loss of any unused portion of his an-nual leave allowance that is about to elapse." Where so many men are employed, it is apparent that vacations must be subject to some control of those in authority of the work or department. Because it is open to plaintiff to absent himself without leave is really no proper remedy, where, as here, the controversy is the length of the time the employe may stay away and receive pay. We do not think that the remedy under the rule is so adequate and practical that the declaratory judgment may not be resorted to.

On the merits of the controversy, we think, the attorney general is right. Plaintiff and those he represents worked up to April 10, 1940, for agreed hourly pay and with no pay for vacations taken. Each had been paid in full for every hour's work for the highway department up to April 10, 1940. To now allow each a period of vacation up to 24 days with pay, based on the period services were rendered since January, 1938, would be a pure gift. It cannot be expected that the legislature by the enactment of L. 1939, c. 441, intended a gratuity. Nor could that be done from the trunk highway fund. The state highway commissioner had full power to hire the help needed in his department and to agree with those hired as to the compensation therefor. 1 Mason Minn. St. 1927, § 2553(4). State ex rel. Goar v. Hoffmann, 209 Minn. 308, 296 N. W. 24.

It must be kept in mind that L. 1939, c. 441, brought under the jurisdiction of the civil service board a host of employes from the different departments of the state and authorized it to adopt rules recommended by the director of the state civil service, § 5(2)(b) (3 Mason Minn. St. 1940 Supp. § 254-53[2][b]):

"Such rules shall provide, among other things, for current records of efficiency, and standards of performance for all officers and employees subject to the provisions of this act; the manner of completing appointments and promotions; * * * leaves of absence with and without pay; transfers, reinstatements, layoffs, vacations and hours of work; public notice of examinations; procedure for changes in rates of pay; compulsory retirement at fixed ages; and other conditions of employment."

Some of these employes in departments other than that in charge of appellant had been working for years at weekly or monthly wage with some period each year for vacation with pay. There evidently is a difference between such employes' right to look for credit for loss of vacation prior to April 10, 1940, and plaintiff and those he sponsors. The latter can have no claim to any vaca-

tion prior to the date the rules of the civil service board went into effect, April 10, 1940.

Appellant and the attorney general concede that the civil service board had full authority to adopt the rule giving persons in the classified service a certain number of days' vacation a year with pay; but the contention is that as to plaintiff and those in his situation the right to vacation with pay must date from April 10, 1940, the date the rules of the civil service board took effect. There is no occasion to say anything in defense of vacations with pay for all state employes, for the appellant and the attorney general accept the rule established by the board as applicable to all the employes in the state highway department from and after April 10, 1940. As a rule, neither statutes nor rules by administrative bodies under statutory sanction operate retrospectively unless clearly designated. Of course, here it may be justly said that the rule contemplates that so far as the right to vacation with pay goes the employe is entitled to go back to January 1, 1938. The rule 18.3 reads:

"January 1, 1938, shall be considered the date from which shall be computed the rights of incumbent employees for sick and annual leave. Sick and annual leave shall be taken on the basis of a five and one-half day work week."

We do not decide whether this is proper or not as to employes who were working under an employment that gave certain days' vacation with pay during a year's service; but we do hold that as applying to plaintiff, and those in whose behalf he sues, it would be an unlawful inroad upon the trunk highway fund.

The order is reversed.