# JOHN HALEK v. CITY OF ST. PAUL AND OTHERS.[1]

January 28, 1949.

No. 34,611.

*Robins, Davis & Lyons,* for appellant.

*Bruce J. Broady,* Corporation Counsel, and *William M. Serbine,* Assistant Corporation Counsel, for respondents.

[1]Reported in 35 N. W. (2d) 705.

478

PETERSON, JUSTICE.

Action for declaratory judgment that plaintiff and other employes of the city of St. Paul similarly situated are entitled under city ordinance for each year subsequent to 1940 to 15 days' sick leave occasioned by sickness of the employe or a death in his immediate family.

As we view the case, the legal questions to be decided are: (1) Whether, assuming for purposes of decision, but without so deciding, that a city by ordinance adopted in 1940 granted to unskilled laborers annual sick leave with pay rights and the right to accumulate them, such sick leave with pay rights granted by the city to such employes were vested rights which cannot be taken away; (2) whether accumulated sick leave with pay to be paid in the future granted by a city to its employes is a vested right; and (3) whether an ordinance adopted in 1945 striking from the 1940 ordinance all provisions granting to unskilled laborers sick leave with pay rights and substituting in lieu thereof a provision granting such rights exclusively to a class of employes which did not include unskilled laborers abolished the latter's sick-leave rights under the 1940 ordinance.

The facts out of which these questions emerge are that plaintiff was employed by the city in 1923 as an unskilled laborer; that he worked in such employment until September 14, 1945, when he became unable to do so on account of illness; that plaintiff's position, the same as all others in the city's service, with some exceptions not here material, was under a civil service system established and administered under ordinances of the city; that plaintiff's position was under what was known as the "classified" service; that the city's civil service system was established in 1914 by ordinance No. 3250½, which has been amended from time to time; that prior to November 20, 1940, all leaves of absence were discretionary with the head of the department in which the employe worked; that on that date the city adopted ordinance No. 8170 (amending ordinance No. 3250½ as previously amended), providing that no leave of absence for more than 15 calendar days in any year should be granted

to "regular appointees," except "that the head of the department shall grant an additional leave with pay, not exceeding fifteen working days in any one year, when such absence is deemed necessary on account of sickness of the employe or death in the employe's immediate family," and that employes in the classified service as of January 1, 1941, should have the right to accumulate time for sick leaves not taken with "An initial accumulation of five working days for each full year of service (not exceeding twenty years)"; that on June 20, 1944 (more than a year before plaintiff became ill), the city adopted ordinance No. 8534, amending the prior ordinances by adding to § 41(e) a provision to the effect that unskilled laborers should be entitled to a leave of absence of 120 hours with pay for working a total of 2,400 hours during the preceding calendar year, and to a proportional one for working not less than 1,200 hours, not including overtime, and not more than 2,400 hours during the preceding calendar year; and that on November 1, 1945 (about six weeks after plaintiff became ill and before any claim for pay on account of sick leave was made), the city adopted ordinance No. 8653, amending the prior ordinances by striking out all provisions relative to vacation and sick leaves and substituting for them a new provision granting to employes in the "Graded Division of the Classified Service," which does not include unskilled labor, the right to vacation and sick leave with pay.

Plaintiff bases his right to accumulated sick leave with pay exclusively upon the 1940 ordinance and contends that his rights thereunder are vested and unaffected by later ordinances. Since he claims no rights under the 1944 ordinance, it may be disregarded. Defendants, in addition to a large number of points which we do not deem it necessary to enumerate, contend that plaintiff's right to sick leave with pay was not a vested one and that it was abolished by the 1945 ordinance. For purposes of decision, we shall assume in accordance with plaintiff's contention, but without so deciding, that under the 1940 ordinance he was entitled to 15 days' sick-leave rights with pay in each year and that he was entitled to accumulate sick leaves not taken.

■ A grant by a governmental authority to a public employe of vacation with pay is the grant of a gratuity. Nollet v. Hoffmann, 210 Minn. 88, 297 N. W. 164, 134 A. L. R. 192. A grant by a governmental agency of a gratuity to a public employe creates no contractual obligation or vested right, and, because that is true, such a grant is terminable at the will of the grantor. Johnson v. State Employees' Retirement Assn. 208 Minn. 111, 292 N. W. 767; Dodge v. Board of Education, 302 U. S. 74, 58 S. Ct. 98, 82 L. ed. 57.[2] See, 40 Am. Jur., Pensions, § 24. The Johnson and Dodge cases, *supra,* hold that statutory provisions for payment by a governmental authority to public employes of retirement pensions create no contractual or vested rights, but on the contrary constitute the grant of a gratuity terminable at the will of the grantor, and that, because that is true, a statute reducing the amount of the pension, enacted after an employe has retired and become entitled to a pension under the statute in force at the time of his retirement, does not impair or interfere with contractual or vested rights. In the Dodge case, the court said concerning a statute granting retirement pensions to public employes (302 U. S. 79, 58 S. Ct. 100, 82 L. ed. 62):

"* * * The presumption is that such a law. [here. the 1940 ordinance] is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the. legislature [here the city council] shall ordain otherwise."

The court there held that where, as here, the payment granted is not made a contractual obligation, the grant thereof is a mere gratuity and creates no vested right.

The fundamental principles underlying grants of gratuities by a governmental authority to public employes apply also to other grants to them by the public of noncontractual rights. For example, civil service rights of public employes granted by law are neither contractual nor vested, and, because that is true, not only such

---

[2]Cf. Indiana ex rel. Anderson v. Brand, 303 U. S. 95, 107, 58 S. Ct. 443, 449, 82 L. ed. 685, 694, 113 A. L. R. 1482, where the distinction between a case involving a contract and one not doing so is pointed out.

rights, but the remedies for the enforcement thereof may be abolished by the authority which created them. Reed v. Trovatten, 209 Minn. 348, 296 N. W. 535.

Here, the sick-leave rights granted to city employes under the city's civil service ordinances were, for lack of any contract or any provision in the ordinance creating contractual rights with respect to them, gratuities subject to termination at the city's will. The employes had no vested rights therein or to their continuance. Hence, the city had the power and the right to abolish sick-leave rights it had granted by the 1940 ordinance.

■ Where, however, the beneficiary's right to payment has become due absolutely, it becomes vested and cannot be taken away. Johnson v. State Employees' Retirement Assn. *supra*. Here, the right to payment for sick leave with pay had not become due absolutely. Plaintiff was accumulating his sick leave with pay rights for the years in question. That simply meant that, instead of taking a sick leave each year and receiving pay for such leave at the time, he postponed the right to do so, in the expectation, based upon the provisions of the 1940 ordinance, that payment for such leave would be made in the future when the leave, or time-off equivalent of it, would be taken. Such right to future payment for leave to be taken in the future was a mere *expectancy*. A mere expectancy is not a vested right. Johnson v. State Employees' Retirement Assn. *supra*. That being true, the right to accumulated sick leave with pay is not a vested one and consequently can be taken away.

■ We think it clear that by the provisions of the 1945 ordinance striking out the section of the 1940 ordinance granting unskilled laborers sick-leave rights with pay, which we assume for purposes of decision without so deciding, and substituting in lieu thereof a new section granting such rights exclusively to employes in the graded division of the classified service, in which unskilled laborers are not included, an intention was manifested to repeal the 1940 ordinance insofar as it granted to unskilled laborers sick-leave rights with pay. Thereby, the sick leave with pay rights granted

to plaintiff was abolished by the exercise of the city's legislative power so to do.

Affirmed.