Russell **VANGILDER,** Plaintiff-Appellant,

v.

**CITY OF JACKSON,** Missouri, et al., Defendants-Respondents.

No. 34371.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 30, 1973.

Motion for Rehearing or to Transfer to Supreme Court Denied March 9, 1973.

Colson & Wagner, Farmington, for plaintiff-appellant.

Kenneth L. Waldron, Jackson, for defendants-respondents.

SMITH, Presiding Judge.

This cause reaches us on appeal from the trial court's order dismissing plaintiff's two count petition against defendants.

Count I alleged that plaintiff had been employed by the city of Jackson, a city of the fourth class, for approximately twenty-three years. On January 25, 1970, plaintiff incurred a severe, disabling and crippling illness which forced him to leave the employ of the city effective February 1, 1970. By ordinance the city has provided sick leave benefits for "Any full-time employee who, at the time of illness, is then and has been in the employ of the city for a period of one full year or more . . . shall be entitled to sick leave with normal pay . . ." Under the ordinance sick leave can be accumulated over a period of years if not used. Following his resignation the city refused to pay plaintiff his accumulated sick leave. Plaintiff seeks from the city the amount of sick pay to which he contends he is entitled after February 1, 1970.

In Count II plaintiff alleged that various individuals who were members of the board of aldermen of the city individually and collectively advised him that if he would resign he would be eligible for and receive sick leave benefits. In reliance upon these statements he did submit his resignation but the city acting through the board of aldermen has refused to pay him sick benefits. He seeks the amount of these benefits from the city and the oth-er defendants in their individual capacities.

Defendants filed their motion to dismiss as to both counts, which was sustained without reasons by the trial court. Defendants here contend that the trial court's action was proper because the ordinance does not require sick benefits be paid an employee after he has left the employ of the city, and if it does it constitutes extra compensation contrary to Article III, Section 39(3) and (4), Missouri Constitution, V.A.M.S. Defendants also seek to have the appeal dismissed for alleged failure to comply with the rules. We deny this motion.

Initially we note the language of the ordinance. It provides for sick benefits for, "[1] Any full-time employee who [2] *at the time of illness*, is *then* and has been in the employ of the city [3] for a period of one full year or more . . ." (Emphasis and numbering supplied). The allegations of Count I of plaintiff's petition, which we must accept as true, show that each of these ordinance requirements have been met.

Defendant city contends, however, that sick leave is only available where the employee continues the employment status and will eventually return to work. We note that we are not here confronted with the healthy employee who terminates his employment and then seeks payment of his sick leave accrued. The employee here was sick prior to his resignation and seeks the benefits which have accrued during the period of his illness or until they run out, whichever first occurs.

■■ Sick leave benefits are generally considered to be a part of the employee's overall compensation, earned during the period of his employment and forming a part of his employment contract. City of Orange v. Chance, Tex.Civ.App., 325 S. W.2d 838; Bruce v. City of St. Louis, Mo. App., 217 S.W.2d 744. We find nothing in the nature of sick leave benefits which

warrant the conclusion that in order to be entitled to them, the employee must plan to return to work. If such were true, then sick leave benefits would never be available if the illness were terminal or totally and permanently disabling. Nor do we find here any requirement that the employee must continue as an employee throughout the sick leave period in order to receive the benefits. If such a requirement were imposed it would work the disservice of requiring a totally disabled employee to remain as an employee until the end of the sick leave period and might preclude the city from hiring a replacement to do his work. The only requirement under the ordinance is that an otherwise qualified employee must incur the illness while employed by the city. The ordinance does not impose the restriction urged by the city and we see no reason to. See Bruce v. City of St. Louis, *supra*, for a similar contention involving vacation pay for a terminated employee.

Defendant city contends the employee is, under plaintiff's theory, entitled to draw both sick leave benefits and a pension. What his pension rights may or may not be is not of consequence to the appeal before us. Nothing on the face of the petition nor even in the motion to dismiss refers to pension benefits and we cannot consider them on this motion to dismiss.

■ What we have said disposes of defendant city's argument that the sick leave benefits constitute extra compensation contrary to Article III, Section 39(3). Sick leave benefits are not extra compensation; they are part of the overall compensation earned during the period of employment. It is to be noted that the ordinance provides that such benefits become available *after* a period of service and increase *after* additional period of service. This marks such benefits as a part of the earned compensation for service, not as a bonus or arbitrary award. Section 39(3) pertains to extra compensation given after the service has been performed, not to compensation earned during the service but taken after the period of service.

■ Article III, Section 39(4) does not pertain. It precludes payments by a municipal corporation which are made without express authority. Section 79.270 RSMo 1969 (V.A.M.S.) provides that the board of aldermen of fourth class cities have the power to fix the compensation of employees of the city by ordinance and sick leave benefits are part of the employees' compensation. Count I stated a cause of action and was erroneously dismissed.

■ Count II did not state a cause of action and was properly dismissed. Initially, it is to be noted that plaintiff has not alleged that the individuals acted in bad faith, maliciously, or conspiratorially; that they in fact made any misrepresentation of fact; that any confidential relationship existed; or that they knew the representation (if such it was) was false or that it was made with intent to deceive.

Allegations of fraud must be pleaded with particularity. Supreme Court Rule 55.17 (V.A.M.R.) If Count II purports to be based upon fraud it fails to allege the essential elements of that cause of action.

■ Nor can the individual defendants be liable for an error of judgment in line of their official duty and within the scope of their authority. Feuchter v. City of St. Louis, 357 Mo. 616, 210 S.W.2d 21 [3, 4]. There are no allegations which would warrant a conclusion that the individual aldermen did not believe what they originally told plaintiff and that, thereafter, acting in their official capacities, they determined they could not in fact pay the sick benefits pursuant to the ordinance. And whatever their statements to plaintiff, defendants could not, in their official capacities, approve payments to plaintiff from city funds which were not authorized. Elkins-Swyers Office Equipment Co. v. Moniteau County, 357 Mo. 448, 209 S.W.2d

127; State ex rel. Priest v. Gunn, Mo., *326 S.W.2d* 314 [7, 8].

As to Count II the order of the Circuit Court is affirmed; as to Count I it is reversed and remanded.

SIMEONE and KELLY, JJ., concur.