[No. 42896.    En Banc.    June 6, 1974.]

FRED D. MULHOLLAND, JR., *Respondent*, v. THE CITY OF TACOMA, *Appellant*.

Robert R. Hamilton, City Attorney, and F. H. Chapin, Jr., Assistant, by Thomas L. Dempsey, Assistant, for appellant.

Kane, Vandeberg & Hartinger, by Harold T. Hartinger, for respondent.

BRACHTENBACH, J.—This case involves plaintiff's right to a pension from the City of Tacoma police pension fund established by RCW 41.20. The essential question is the interaction of RCW 41.20, the police relief and pensions in first class cities act, and a later law, RCW 41.26, the law enforcement officers' and fire fighters' retirement system act (LEFF).

Plaintiff served in the Tacoma police department for 24 years and 2 months. After his voluntary termination, he applied for a pension to commence as of the date when he would have completed 25 years of service had he not earlier retired. This is in accord with RCW 41.20.150(3).[1] The day after plaintiff terminated with the Tacoma police de-

---

[1]RCW 41.20.150:

"Whenever any member affected by this chapter terminates his employment prior to the completion of twenty-five years of service he shall receive seventy-five percent of his contributions made after the effective date of this act and he shall not receive any contributions made prior thereto: *Provided,* That in the case of any member who has completed twenty years of service, such member, upon termination for any cause except for a conviction of a felony, shall have the option of electing, in lieu of recovery of his contributions as herein provided, to be classified as a vested member in accordance with the following provisions:

". . .

"(3) Any member electing to become a vested member shall be entitled at such time as he otherwise would have completed twenty-five years of service had he not terminated, to receive a service retirement allowance computed on the following basis: Two percent of the amount of salary at any time hereafter attached to the position held by the vested member for the year preceding the date of his termination, for each year of service rendered prior to the date of his termination. At such time the vested member shall be regarded as a retired member and, in addition to the retirement allowance herein provided for, shall continue to be entitled to all such other benefits as are by chapter 41.20 RCW made available to retired members."

partment, he became a law enforcement officer in the Pierce County sheriff's department.

The Tacoma Police Pension Board denied the pension. After appeal to the Superior Court, the trial court entered judgment for plaintiff. The city appealed. We affirm.

The LEFF act brought all full-time fire fighters and law enforcement officers into a single statewide system to replace the multitude of prior separate retirement systems. Plaintiff and all other persons employed full time as law enforcement officers or fire fighters on or after March 1, 1970, became members of the LEFF system. RCW 41.26.040(1). As of that date, plaintiff's membership in the first class cities retirement system was mandatorily transferred to the LEFF system, RCW 41.26.040(2), and continued as such to the date of his retirement from the Tacoma police department on February 15, 1971.[2]

A major difference between the RCW 41.20 scheme and LEFF is that the former does not prohibit postretirement employment by another law enforcement agency while LEFF suspends benefits if a retiree resumes law enforcement or fire fighters employment. RCW 41.26.100. Thus, if, as the city contends, plaintiff must retire under the provisions of LEFF, he would receive no benefits during his employment by the sheriff's department. On the other hand, if he is permitted to retire under RCW 41.20, he faces no such prohibition.

The narrow issue upon which this case turns is whether plaintiff may retire under the more liberal postretirement provisions of RCW 41.20 or whether he must retire under LEFF.

The main guidepost for our resolution of the problem is the principle of *Bakenhus v. Seattle*, 48 Wn.2d 695, 701, 296 P.2d 536 (1956):

Under . . . the rule which we adopt here, the employee who accepts a job to which a pension plan is

[2]Prior to LEFF both the employee and the city contributed to the city's police pension fund. RCW 41.20.130. Under LEFF the contributions are made to the state system. RCW 41.26.080.

applicable contracts for a substantial pension and is entitled to receive the same when he has fulfilled the prescribed conditions. His pension rights may be modified prior to retirement, but only for the purpose of keeping the pension system flexible and maintaining its integrity.

In obvious recognition of this holding, the legislature preserved all the benefits provided by retirement acts existing prior to LEFF. Specifically, RCW 41.26.040(2) provides:

[A law enforcement officer's or firefighter's] benefits under the prior retirement act to which he was making contributions at the time of this transfer shall be computed as if he had not transferred. For the purpose of such computation, the employee's creditability of service and *eligibility for service* or disability *retirement* and survivor and all other benefits *shall continue to be as provided in such prior retirement act, as if transfer of membership had not occurred.*

(Italics ours.) RCW 41.26.040(3) further provides that the obligations of RCW 41.20 shall continue to be paid from whatever financial sources the city has been using for this purpose.

Examination of the legislative history confirms our interpretation. Representative Kuehnle stated on a point of inquiry as follows:

This new law will transfer present members of police and firemen pension systems into the new system without any choice on their part. I wish you would clarify for me how their rights under the existing systems will be protected.

*House Journal* 1477 (1969).

Representative Richardson responded:

It is the intent of the legislature that presently employed police officers and firefighters, now covered under chapter 41.20 and chapter 41.18 RCW who are to have their membership transferred mandatorily from those existing acts to Engrossed Substitute Senate Bill No. 74 [LEFF], will have all rights and all benefits preserved completely as now provided by those prior acts.

*House Journal* 1477 (1969).

Under the prior act, RCW 41.20.150, plaintiff had a right to be classified as a vested member of that system after 20 years of service. He had completed 20 years of service long before the effective date of LEFF.

It would be incongruous to say that the legislature intended to—and indeed *had* to—preserve the plaintiff's benefits under RCW 41.20 and then deny plaintiff the right to retire under its provisions. There is no express language in the LEFF act providing that a member can only retire under its provisions and no such requirement is implied. Any such provision would be subject to careful scrutiny as to its constitutionality.

The city contends that plaintiff is attempting to ultimately collect two pensions, one under RCW 41.20 and the other under RCW 41.26. The plaintiff argues, and we agree with him, that he is attempting to collect a single pension. He has a vested right to his pension under RCW 41.20 and when he retires from his present employment he will come under the provisions of RCW 41.26 which by its very terms coordinates the benefits under both acts.

The judgment of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.