CITY OF NORTH LITTLE ROCK *v.*
Maynard VOGELGESANG et al

81-89                                    619 S.W. 2d 652

Supreme Court of Arkansas
Opinion delivered July 20, 1981

*Jim Hamilton*, by: *G. Spence Fricke*, for appellant.

*Christopher Thomas*, for appellees.

GEORGE ROSE SMITH, Justice. This is an action by seven former North Little Rock policemen to recover up to a maximum of 30 days of accumulated sick-leave pay that is assertedly due to each of them. The plaintiffs also seek to maintain the suit as a class action for the benefit of other former policemen. The city defends primarily on the ground that the original ordinance allowing the payment of accumulated sick leave upon the termination of employment was amended in 1976 to exclude employees with less than ten years of service. None of the plaintiffs meet that minimum requirement.

After a hearing the trial judge ruled that the 1976 amendment did not apply to members of the fire and police departments; so the plaintiffs were entitled to recover. The city appeals from the ensuing money judgments for accumulated sick leave up to 30 days. The plaintiffs cross appeal from the court's refusal to approve a class action. Our jurisdiction is based on Rule 29 (1) (c).

We disagree with the trial judge's interpretation of the city ordinances. The original ordinance was codified as Sections 2-206 and 2-207. Section 2-206 provided that sick leave would accrue monthly and could be accumulated for not more than a total of 30 days. Section 2-207 provided that a city employee would be paid all his accumulated sick leave upon retirement.

In 1974 both sections were amended by Ordinance 4322. Section 1 of that ordinance amended 2-206 "to read as follows," with the substituted language increasing the

permissible accumulation to a maximum of 60 days, but excepting members of the fire and police departments from the effect of "this amendment." Section 2 then amended 2-207 "to read as follows," and provided that employees with less than 10 years of service would be paid accumulated sick leave to a maximum of 30 days at their retirement or resignation, but employees with 10 years of service or more would be paid up to their maximum accumulation of 60 days. In 1976 Ordinance 4710, relied on by the city, amended Section 2 of Ordinance 4322 to provide that employees with less than 10 years of service would not be entitled to the payment of any accrued sick leave upon termination of their employment.

We cannot agree with the trial judge's conclusion that the exemption of the fire and police departments contained in Section 1 of the 1974 ordinance also applied to Section 2 of that ordinance. Section 1 was directed only to 2-206 and referred to "this" amendment, not these amendments. Section 1 had no effect upon 2-207, which was simultaneously but separately amended by Section 2, with no similar exemption of the fire and police departments. Hence the city's apparent intention was to permit firemen and policemen to accumulate up to 30 days of sick leave under the first two ordinances, payable upon retirement. But the 1976 amendment purported to withdraw the right to any payment of accumulated sick leave until the employee had served for at least ten years. If that amendment is retroactively valid, the city's position must be sustained.

The appellees argue that they had a vested contractual right to their accumulated sick leave because they "contributed" to the plan, not in money but by coming to work when they might have stayed away and charged their absence to sick leave. We do not find this argument persuasive. The ordinary meaning of the words "sick leave" contemplates an illness rather than an optional holiday with full pay.

Alternatively the appellees argue that they had a vested contractual right to their accumulated sick leave, because it was held out to them as a fringe benefit at the time of their

employment. There is a division of authority about the recognition of a vested right to the continuation of sick leave or similar benefits which arise from a statute or ordinance rather than from an express contract incorporating such ·benefits. The cases holding that there is no vested right include: *Marsille* v. *City of Santa Ana*, 64 Cal. App. 3d 764, 134 Cal. Rptr. 743 (1977) (sick leave); *Brown* v. *City of Highland Park*, 320 Mich. 108, 30 N.W. 2d 798 (1948) (pension); *Halek* v. *City of St. Paul*, 35 N.W. 2d 705 (Minn. 1949) (sick leave); *Lickert* v. *City of Omaha*, 12 N.W. 2d 644 (Neb. 1944) (pension); *Dodge* v. *Board of Education*, 302 U.S. 74 (1937), holding that there is a presumption that the law is not intended to create vested rights, but the question is essentially one of legislative intent. Other cases hold that the statute or ordinance becomes part of the contract of employment and creates a vested right. *Yeazell* v. *Copins*, 402 P. 2d 541 (Ariz. 1965) (pension); *Vangilder* v. *City of Jackson*, 492 S.W. 2d 15 (Mo. App. 1973) (sick leave); *Harryman* v. *Rosenburg Rural Fire Protection Dist.*, 420 P. 2d 51 (Ore. 1966) (sick leave); *City of Galveston* v. *Landrum*, 533 S.W. 2d 394 (Tex. Civ. App. 1976) (sick leave); *Mulholland* v. *City of Tacoma*, 83 Wash. 2d 782, 522 P. 2d 1157 (1974) (pension).

We think the better view is that an employee's right to accumulated sick leave in a case such as this one continues to vest as long as a particular plan is in force, but the city may prospectively modify the plan if that course is found to be advisable. Hence, although we disagree with the trial court's conclusion about the effect of Ordinance 4710, we remand the cause for a determination of the amount of accumulated sick leave, up to a maximum of 30 days, that had accrued to each claimant on the effective date of that ordinance and that was not thereafter diminished or exhausted. In the case of employees such as these, who did not ultimately complete 10 years of service, there could be no additional accumulation after Ordinance 4710 went into effect.

As to the cross appeal, a class suit is permitted when, in addition to other requirements, the parties are numerous and it is impracticable to bring them all before the court within a reasonable time. ARCP, Rule 23 (a). Here the members of the class are all identified and total only

seventeen, including the seven appellees. The appellees cite no authority permitting a class action for such a small group, and we doubt if such a case exists. Moore's Federal Practice, § 23.05 [1] (1980); Wright and Miller, Federal Practice and Procedure: Civil, § 1762 (1972). In the present case there is no showing of impracticability.

Reversed on direct appeal and remanded; affirmed on cross appeal.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, concurring in part, dissenting in part. I dissent from the majority on that part of the opinion which refuses to allow the appellees to continue to accrue sick-leave time after December of 1976 when the city passed Ordinance 4710. I agree with the interpretation by the majority up through their interpretation of Ordinance 4322 which was effective in January of 1974.

When the appellees were hired by the city of North Little Rock, the provisions of Ordinance 4322 provided:

> The city employee with less than ten (10) years service shall be paid, at the time of his retirement or resignation from city employment, or upon the death of the employee, for all sick leave accumulated by him, to a maximum of thirty (30) days. ...

Appellees undoubtedly considered the accumulation of sick pay as part of the remuneration for their services with the city of North Little Rock. Sick leave, vacation, hospitalization and life insurance are elements which strongly influence an individual in accepting or rejecting job offers. In my opinion, when the appellees were hired this ordinance became a part of their contract.

The city had no right to take away benefits which were, in my opinion, already vested. It seems to me that the language above-quoted is clear and unambiguous and therefore we need not resort to the rules of statutory construction to determine the meaning thereof. *Mears* v.

*Arkansas State Hospital*, 265 Ark. 844, 581 S.W. 2d 339 (1979). The rules of statutory construction, if required, apply to city ordinances as well as enactments of the General Assembly. *Deloney* v. *Rucker*, 227 Ark. 869, 302 S.W. 2d 287 (1957).

We have held that a city may be bound by the terms of contracts entered into by it in the same manner as private corporations or citizens. *Harrison* v. *Boone County*, 238 Ark. 113, 378 S.W. 2d 665 (1964). The right to accumulate up to 30 days sick leave was a part of the ordinances of the city of North Little Rock when the appellees were hired.

The majority recognize that the authorities are divided as to whether sick leave benefits are vested as a matter of contractual rights. Since we are ruling upon this particular issue for the first time, there is no reason why we should take the reactionary road and hold against those who have worked with the expectation that they would earn the benefits which had been promised them. The majority has been very fair in citing the authorities on both sides of this issue. However, I feel the case of *Yeazell* v. *Copins*, 402 P. 2d 541 (Ariz. 1965), furnishes the most logical reasoning of all cases reported. *Yeazell* stated that policemen had the right to rely on the terms of the legislative enactment as it existed at the time they started to work. Subsequent legislation could not arbitrarily be applied retroactively to impair the contract. The opinion stated that changes could be made only with the consent of the officers involved. It is true *Yeazell* dealt with pension rights and the present case deals with accumulated sick leave. However, I can see no difference in the logic between the two benefits. We have held in a closely related case that accrued rights may not be denied to those who have earned them. In the case of *Jones* v. *Cheney*, 253 Ark. 926, 489 S.W. 2d 785 (1973), we stated:

> The classes of contracts entered into voluntarily that are based on the assent of the parties expressly or impliedly given as opposed to those that are compulsory, are protected by the Constitutional provisions against impairing the obligation of a contract. In *Anders* v. *Nicholson*, 111 Fla. 849, 150 So. 639 (1933), it

was held under a municipal ordinance providing for pensions to employees who should elect to participate in, and contribute to, the pension fund, that a public employee by acceptance of the terms and conditions of the enactment entered into a contractual relationship with the city, which entitled him to receive certain benefits, and his rights accruing under the statute could not be abrogated by any subsequent legislation. ...

I think the sick-leave benefits were a part of the consideration paid to the employees and that the city had no right to deny the appellees these benefits after the contract between the parties was in full force and effect.