Dear Representative Jacob:
This opinion letter is in response to your question asking:
 Did the State Treasurer violate the Missouri Constitution or any other law by giving a total of $15,000 as salary repositioning adjustments to twenty-nine employees in July, 1986?
You have provided to us the following information relating to your opinion request: In July, 1986, twenty-nine employees of the State Treasurer's office received a lump sum payment of $500 each and two employees received $250 payments. These payments, which totalled $15,000, were made according to the State Treasurer's office as retroactive "salary repositioning adjustments" and to compensate employees for "special project tasks" performed previously on Saturday, June 21, 1986.
This office has reviewed copies of various documents provided to us by the State Treasurer's office. A copy of pages numbered 144 through 152 of the "Current Earnings Register" for the period ending June 30, 1986, for the State Treasurer's office (date of report July 13, 1986) shows salary payments to thirty-one employees in the total amount of $15,000 before deductions. A copy of the "Payroll Requisition" for the State Treasurer's office for the pay period ended June 30, 1986, consisting of two pages (certification dated July 8, 1986) shows the thirty-one payments referred to above and shows under the remarks column beside each of the payments, "`86 repositioning." We are unaware of any additional documents prepared at or about the time of such payments that shed any additional light upon the purpose of the payments. We further understand that the State Treasurer's office had a sufficient amount in its personal services appropriation to make the payments in question. We have also reviewed State Auditor's Report No. 87-37 relating to the Office of State Treasurer for the year ended June 30, 1986.
Article III, Section 39 of the Missouri Constitution provides in part:
 Section 39. Limitation of power of general assembly. The general assembly shall not have power:
* * *
 (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part;
* * *
The courts of this state have interpreted Article III, Section 39(3) to mean that the provision prohibits extra payment after services are rendered. See, State ex rel.Cleaveland v. Bond, 518 S.W.2d 649 (Mo. 1975) (retirement benefits conferred upon judges retired from the service prior to the enactment of the Retirement Act of 1971 would constitute extra compensation after services were rendered); Jackson v.Wilson, 581 S.W.2d 39 (Mo.App. 1979) (retroactive application of the tort defense fund is extra compensation after service has been rendered); Vangilder v. City of Jackson, 492 S.W.2d 15
(Mo.App. 1973) (Article III, Section 39(3) pertains to extra compensation given after service has been performed, not to compensation earned during service but taken after the period of service).
In addition, this office has interpreted this constitutional provision in response to the question whether the State Board of Cosmetology could pay a bonus to office employees:
 The Constitutional provision prohibits the General Assembly from granting extra compensation, fees or allowances to a public officer, agent or servant after service has been rendered. Likewise, a government agency which derives its power and authority from the Constitution and laws of this state would be prohibited from granting extra compensation in the form of bonuses to public officers or servants after the service has been rendered. Missouri Attorney General Opinion No. 72, Pray, June 14, 1955, at page 5.
We believe the foregoing case law and the 1955 opinion correctly reflect current law.
From the facts available to us, it appears that the employees of the State Treasurer's office received additional compensation for one month for services rendered that month. The employees provided services to the state during June, 1986, and the payments represented part of their compensation for those services. Therefore, it is our opinion that such payments did not violate Article III, Section 39(3) of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General