The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion based upon the following facts:
 An employee becomes employed by a city and at the time the person becomes employed there is a policy in place that provides the employee can accumulate up to 720 hours.
You have asked whether, in the case of an employee who has accumulated the maximum 720 hours, the city council has the authority to change the policy to reflect that the maximum hours that an employee can accumulate is 480 hours. Your question is thus whether the city can "take away from the employee who has vested 720 accumulated hours by simply changing the policy book to reflect that the maximum hours that can be accumulated by an employee is 480."
It is my opinion that this question will depend to some degree upon the type of employee and the particular statute, ordinance, or contract under which the right to accumulate "hours" derives. You have not indicated what type of employee is at issue, e.g., whether the municipal employee in question is a police officer, firefighter, or nonuniformed employee of the city. Neither have you indicated whether the "hours" at issue are accumulated for sick leave, annual leave, or other vacation time. The particular statute, ordinance, or contract authorizing the accumulation of leave time must be scrutinized in order to determine the nature of the right afforded, and the city council's right to alter or cut off that right.
In any event, I can set out the most relevant Arkansas case on the point, but must note that the conclusion reached therein may not apply with equal force to your question, if the facts surrounding the statute, ordinance, or contract giving rise to your question are substantially dissimilar.
The Arkansas Supreme Court in City of North Little Rock v. Vogelgesang,273 Ark. 390, 619 S.W.2d 652 (1981), was faced with a situation in which the City of North Little Rock originally had an ordinance in place which provided that sick leave for police officers would accrue monthly and could be accumulated for not more than a total of thirty days, and that the officer would be paid all his accumulated sick leave upon retirement. The ordinance was thereafter amended to provide that employees with less than ten years of service would be paid accumulated sick leave to a maximum of thirty days at their retirement or resignation, but employees with ten years of service or more would be paid up to their maximum accumulation of sixty days. The ordinance was amended again two years later (in 1976) to provide that employees with less than ten years of service would not be entitled to the payment of any accrued sick leave upon termination of their employment.
Seven former police officers with less than ten years of service sued to recover payment for up to a maximum of thirty days of sick leave which they asserted was due them.[1] The officers argued, in essence, that they had a vested contractual right to their accumulated sick leave, because it was held out to them as a fringe benefit at the time of their employment. The court noted that there is a division of authority as to the recognition of a "vested right" to the continuation of sick leave which arises from a statute or ordinance rather than from an express contract incorporating such benefits. The court concluded, however, that:
 We think the better view is that an employee's right to accumulated sick leave in a case such as this one continues to vest as long as a particular plan is in force, but the city may prospectively modify the plan if that course is found to be desirable. Hence . . . we remand the cause for a determination of the amount of accumulated sick leave, up to a maximum of 30 days, that had accrued to each claimant on the effective date of [the 1976 ordinance] and that was not thereafter diminished or exhausted. In the case of employees such as these, who did not ultimately complete 10 years of service, there could be no additional accumulation after [the 1976 ordinance] went into effect.
273 Ark. at 393.
Thus, the court held that the City could not retroactively take away accumulated sick leave which was accrued under an existing valid policy, but it could change the policy prospectively to thereafter cut off the right to accrue additional sick leave at the rate allowed at the time the officer was employed. Justice Purtle dissented, and expressed his belief that the better rule of law would be to allow the employee to continue to accrue sick leave under the policy in existence at the time of his employment (which policy became a part of the contract of employment), despite a subsequent change in the policy.
The conclusion of the court above may or may not be applicable to the facts you have outlined, depending upon the nature of the statute, ordinance, or contract giving rise to your question. It does represent the Arkansas Supreme Court's most recent expression of law in the area.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although it is not noted by the court, I assume that the plaintiff officers were first employed at a time when the former ordinances, authorizing payment of accumulated sick leave for employees with less than ten years of service, were in effect.