MORGAN and HUNT, JJ., concur.

Review granted at 137 Wn.2d 1013 (1999).

[No. 40771-6-I.   Division One.   November 30, 1998.]
INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 27,
*Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

*James H. Webster* and *Lynn D. Weir* of *Webster, Mrak & Blumberg*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Spencer W. Daniels, Assistant*; *Mark H. Sidran, City Attorney*, and *Janet K. May, Assistant*, for respondent.

*Spencer N. Thal* on behalf of Teamsters Local 117, amicus curiae.

BAKER, J. — During collective bargaining with the City of Seattle, the International Association of Fire Fighters, Local 27 (Union) proposed retirement benefits to supplement current benefits fire fighters receive under the Law

Enforcement Officers' and Fire Fighters' Retirement System Plan II (LEOFF II). Retirement benefits are normally a mandatory subject of collective bargaining. Negotiations over the benefits stalled and the city declared the proposal to be an illegal subject of collective bargaining. Both sides filed unfair labor practice complaints with the Public Employment Relations Commission (PERC). PERC dismissed the Union's complaint and granted the City's. The Union appeals PERC's cease and desist order which prohibits the Union from making similar proposals in future negotiations. We accepted review and affirm PERC's order.

Chapter 41.26 RCW establishes the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF). The purpose of LEOFF is

> to provide for an actuarial reserve system for the payment of death, disability, and retirement benefits to law enforcement officers and fire fighters, and to beneficiaries of such employees, thereby enabling such employees to provide for themselves and their dependents in case of disability or death, and effecting a system of retirement from active duty.[1]

Significant changes were made to LEOFF in 1977 resulting in a separate plan for employees hired thereafter. The old plan is called the Law Enforcement Officers' and Fire Fighters' Retirement System Plan I (LEOFF I) and the new plan is called LEOFF II. LEOFF I has substantially more generous benefits than LEOFF II.

The City of Seattle and the Union have a collective bargaining agreement (CBA). Article 23.1 of the CBA provides that "Pensions for employees and contributions to pension funds will be governed by the Washington state statute in existence at the time." The CBA also contains the following reopener provision:

> 29.3 Upon thirty (30) days advanced written notification, either the City or the Union may require the other party to

---

[1]RCW 41.26.020.

meet for the purpose of negotiating those amendments to this Agreement which relate solely to the following issues:

(a) Supplemental pension benefits, per Article 24 [sic 23] of this Agreement, may be opened on or before May 1, 1993 and may be arbitrated at the Union's discretion after impasse has been reached. . . .

Through this reopener, the Union proposed to increase the service, duty disability, and duty death retirement benefits its LEOFF II members receive, to bring them more closely in line with LEOFF I benefits.

The City and the Union entered into negotiations regarding the proposal. They reached an impasse. The Union modified its proposal and the City acknowledged that progress had been made. Thereafter the City claimed the proposal was illegal because it was contrary to Article XXII of its City Charter and was preempted by state law. In addition, the City claimed that the CBA subordination language subordinated the reopener to LEOFF because the LEOFF system was intended to be the exclusive retirement system for fire fighters.

Both sides brought summary judgment motions before the Public Employment Relations Commission (PERC), which PERC denied. The parties began mediation and the mediator decided that interest arbitration was required because mediation could not resolve the issue. The matter went to arbitration and the arbitrator held that the City

violated the parties' contract by refusing to bargain the union's proposal to finality, and that the employer breached its duty to bargain by unilaterally concluding the union's proposal was illegal and in violation of the city charter.

Thereafter both sides filed unfair labor practice claims. The hearings examiner determined that the Union had committed an unfair labor practice by insisting to impasse regarding its supplemental pension proposal, and by insisting on interest arbitration. PERC required the Union to withdraw its proposal and ordered the Union to cease and

desist from making similar proposals in the future negotiations.

■ ■ The standard of review for PERC unfair labor practice cases is derived from the Administrative Procedures Act.[2] Findings of fact are reviewed for substantial evidence.[3] Conclusions of law are reviewed by the error of law standard where "the court may substitute its interpretation of the law for that of PERC."[4] Great deference is usually given to PERC's interpretation of the law it administers.[5] However, the court may reverse a PERC decision where it unduly limits the RCW 41.56 right to bargain.[6]

Collective Bargaining Duty and Preemption

■ As our Supreme Court recognized in *Mulholland v. City of Tacoma*,[7] the purpose of LEOFF was to create a single statewide system for all full-time fire fighters and law enforcement officers, replacing the multitude of separate retirement systems which previously existed. The Legislature made that purpose clear by adding an exclusivity provision to the Act:

> Notwithstanding RCW 41.26.030(8), all fire fighters and law enforcement officers employed as such on or after March 1, 1970, on a full time fully compensated basis in this state shall be members of the retirement system established by this chapter with respect to all periods of service as such, *to the exclusion of any pension system existing under any prior act.*[8]

■ Contrary to the Union's assertion in oral argu-

[2]RCW 34.05.570.

[3]RCW 34.05.570(3)(e).

[4]RCW 34.05.570(3)(d); *Pasco Police Officers' Ass'n v. City of Pasco*, 132 Wn.2d 450, 458, 938 P.2d 827 (1997).

[5]*Local 2916, IAFF v. Public Employment Relations Comm'n*, 128 Wn.2d 375, 379, 907 P.2d 1204 (1995).

[6]*Municipality of Metro. Seattle v. Department of Labor & Indus.*, 88 Wn.2d 925, 568 P.2d 775 (1977).

[7]83 Wn.2d 782, 784-85, 522 P.2d 1157 (1974).

[8]RCW 41.26.040(1) (emphasis added).

ment that the exclusivity provision applies only to LEOFF I and specifically not to LEOFF II, RCW 41.26.005 provides that "RCW 41.26.010 through 41.26.062 shall apply to members of plan I and plan II." Thus the exclusivity language of RCW 41.26.040(1) specifically applies to LEOFF II members.

The Union then argues that LEOFF conflicts with the Public Employees Collective Bargaining Act (RCW 41.56) which requires collective bargaining for retirement benefits because such benefits are part of wages. However, in order to create the retirement supplements, the City needs authority to do so.

The Union first points to LEOFF itself as such authority. But LEOFF was created to establish a uniform, state-wide retirement system in place of the various different systems then in place—thus the exclusivity provision. It flies in the face of logic to argue that the enactment which created the uniform system at the same time allowed local governments to go back and recreate many separate systems all over again.

The Union next argues that the City derives the necessary authority from Article XI section 10 of the WASHINGTON STATE CONSTITUTION which provides for the incorporation of municipalities. The implementing legislation, RCW 35.22, details the rules for first class cities. RCW 35.22.280(22) and (23) enable Seattle to have a fire department. RCW 35.23.440(21) authorizes Seattle to have a paid fire department. Retirement benefits are part of wages and thus Seattle has a city charter enabling it to pay retirement benefits to fire fighters.[9]

However, even though Seattle is authorized to pay retirement benefits under RCW 35.22 and 35.23, the exclusivity language of RCW 41.26.040 still precludes the Union's retirement benefit proposal. RCW 41.26.040 states that

[9]The City Charter prohibition against participation in a city pension, death or disability system, by any employee who is covered by a system under state law, does not resolve the issue. Conflicts between the charter and RCW 41.56 are resolved in favor of the statute.

LEOFF provides retirement benefits "to the exclusion of any pension system existing under any prior act." RCW 35.22 and RCW 35.23 were enacted prior to LEOFF and thus are specifically excluded.

■ Nor are we persuaded that the City could pay these additional benefits without creating a retirement "system" to do so. As the City argued, a separate system would necessarily have to be created in order to convey the proposed benefits to the fire fighters. The City could not simply pay into the existing LEOFF system because that plan is not authorized or administered in a manner to permit the extra benefit payments to some of its members.[10]

We conclude that LEOFF II provides the exclusive retirement system for full-time fire fighters. The City is not required to bargain or submit to interest arbitration concerning the Union's proposal. The decision and order of PERC is affirmed.

KENNEDY, C.J., and WEBSTER, J., concur.

Reconsideration denied December 29, 1998.

Review denied at 137 Wn.2d 1035 (1999).

---

[10]The same analysis applies to the proposal for additional disability retirement benefits.