PREWITT v. WARFIELD, COUNTY JUDGE.

4-6504                                    156 S. W. 2d 238

Opinion delivered November 24, 1941.

138

*Paul Johnson,* for appellant.

*John M. Golden, John Baxter* and *Carneal Warfield,* for appellee.

MEHAFFY, J. The appellee, county judge of Chicot county, Arkansas, issued an order on June 6, 1941, laying out and opening a new county road in Chicot county.

On June 14, 1941, appellants filed a petition for order of prohibition in the Chicot circuit court alleging that they were property owners and were affected by the order; that the order was issued without notice of any kind being given to appellants; that the order was issued by the county court without first complying with the statutes of the state of Arkansas in such cases provided; that the order was illegal and void; and the prayer was that the county court be prohibited and restrained from proceeding further in said cause.

Appellee filed a demurrer stating that the petition did not state facts sufficient to constitute a cause of action or contain allegations that would authorize the court to grant prohibition. Appellee then filed answer stating that the court order was valid and asking that

preliminary testimony be heard for the purpose of setting up a fund to take care of any damages that might be sustained by the establishment of the road.

The court treated the petition for order of prohibition as an appeal and treated the facts stated in the petition as true, but held that the order of the county court is valid. The prayer of the petition was denied and the appeal dismissed, from which order is this appeal.

There is only one question to be considered by this court, and that is: Did the county court of Chicot county have authority to lay out and open a new public road in the county without a petition?

Act 422 of the Acts of 1911 provided for the county courts to make such changes in old roads as they deemed necessary and proper, and also provided that county courts should have authority to open new roads. Prior to this act roads were opened and changes made under the act of the Legislature of 1871. The Legislature, therefore, in 1911, passed a law authorizing the county court to lay out new roads and change roads, and this act of 1911 is the one under which the order in this case was made.

It is contended by appellants, however, that act 611 of the Acts of 1923 supersedes the act of 1911, and that the court no longer has authority to lay out roads without a petition. Act 611, *supra*, provided that it should not apply to a great number of counties, naming them, but Chicot county was not one of those exempted.

The decision of the question here involved depends upon the construction of act 611. If the construction contended for by appellants is correct, then act 611 repealed act 422 of 1911.

The primary rule in the construction of statutes is to ascertain and give effect to the intention of the legislature. In order to arrive at the intention of the legislature the court should examine the statute in the light of the history of its enactment, the contemporary history of the conditions and situation of the people, the economic and sociological policy of the state, its constitution and laws, and all other matters of common knowledge within the

limits of their jurisdiction. Prior legislation on the subject, the entire legislation at the time, and the reasonableness or otherwise of one construction or the other, are matters competent for consideration. 25 R. C. L. 1029.

In construing statutes, it is said that the preamble usually contains the motives and inducements to the making of the act, and resort to the preamble may, therefore, be useful in ascertaining the causes which lead to the passage of the act or the mischiefs intended to be remedied thereby. 25 R. C. L. 1030.

The legislature, in its preamble to act 611, said: "Whereas, the existing law regulating the opening of public roads on petition of interested property holders is the same as when created in 1871; and

"Whereas, in 1871 when the existing laws were created our counties in most instances were much larger than the area of the present counties and the county judges were not as familiar with all parts of their respective counties as is the case at present, and, too, the automobile has so changed the importance of public roads that today a large part of a county judge's time is devoted to the question of roads and the county judge is more or less familiar with the needs of roads in all sections; and

"Whereas, there is a need for a simpler method of making application to the county court for the opening of a public road than is prescribed in act No. 26 of the Acts of 1871, whereby it is necessary to have viewers and to go through a very long procedure, which in the end leaves the matter to the county court; and

"Whereas, the amendment, as herein provided, to said act No. 422 of the Acts of 1911 does not repeal any part of act No. 26 of the Acts of 1871, but simply provides for the additional procedure in the matter, so that either may be followed."

We think the legislature clearly intended by act 611 to provide a method whereby application could be made to the county court for the opening of a public road, and did not intend, in any way, to interfere with the county court's authority to lay out roads, as provided in the act

of 1911. This was clearly an additional method giving the citizens the right to make application by petition for the laying out of new roads. Before the passage of act 611 the county court, without a petition, laid out new roads, and act 611 merely provided an additional method whereby any five or more interested landowners may petition the county court for the opening of any new roads, etc.

Attention is called to a number of cases, but unless act 611 repealed the act of 1911, it is unnecessary to discuss those decisions.

In the case of *The State Life Ins. Co. of Indianapolis, Ind.,* v. *Ark. Highway Comm.,* 202 Ark. 12, 148 S. W. 2d 671, this court held that no notice was required or necessary before opening a public road.

The Constitution of 1874 gives to the county court the exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. Section 28 of art. 7.

The county court had authority to lay out the road involved in this case, but it did not have authority to take the property without paying for it. The Constitution prohibits private property from being taken, appropriated, or damaged for public use without just compensation therefor.

Having reached the conclusion that act 611 did not repeal the act of 1911, but gave an additional method of laying out public roads, the judgment of the circuit court is affirmed.