Roger MEARS, County Judge,
Pulaski County, Arkansas v. ARKANSAS
STATE HOSPITAL

79-5                                                581 S.W. 2d 339

Opinion delivered May 29, 1979
(Division II)

*Wilbur C. "Dub" Bentley,* Pros. Atty., by: *John Wesley Hall,* Deputy. Pros. Atty., for appellant.

*Hall, Tucker, Lovell & Alsobrook,* for appellee.

FRANK HOLT, Justice. The issue on this appeal is the interpretation of Ark. Crim. Code § 41-605 (9) (1976). Before its amendment in 1977, it read in pertinent part: "The compensation of persons making or assisting in the examination . . . . shall be paid by the state." This statute was in effect between January, 1976, and June, 1977. During this time the appellee hospital billed Pulaski County for the "necessary maintenance costs of room and board" for 54 criminal defendants committed to it for mental examinations. The county refused to remit payment. The trial court held that the claims should be paid by the county, and we agree.

For reversal appellant argues that this statute should be interpreted to require the state and not the county to pay these costs for these criminal commitments. He argues that § 41-605 (9) is ambiguous and, therefore, should be construed as requiring the state to pay all costs of the commitments rather than merely the compensation of the persons who made or assisted in the examinations. A statute must be given its usual and ordinary meaning. *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W. 2d 154 (1977). We have no authority to construe a statute to mean other than what it says, if it is unambiguous. *Weston* v. *State*, 258 Ark. 707, 528 S.W. 2d 412 (1975). The commentary to a statute does not control its plain meaning. *Britt* v. *State*, 261 Ark. 488, 549 S.W. 2d 84 (1977). Here the statute requires only that the state pay for the "persons making or assisting in the examination." It says nothing about the maintenance costs of room and board. In our view the statute is plain and unambiguous as to the extent of the state's responsibility.

Neither do we think that the enactment of § 41-605 (9) impliedly repealed the provisions of Ark. Stat. Ann. § 43-1301 (Repl. 1977) and Ark. Stat. Ann. § 59-404 (Repl. 1971), which provide that the county is to bear the costs of mental examinations of criminal defendants. Implied repeals are not favored. *Selig* v. *Powell*, 253 Ark. 555, 489 S.W. 2d 484 (1972). To ascertain the intent of the legislature, we examine the statute historically, as well as the contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of our jurisdiction. *Prewitt* v. *Warfield*, 203 Ark. 137, 156 S.W. 2d 238 (1941). Counties historically have borne the costs of mental examinations when criminal defendants are committed for observation. §§ 43-1301 and 59-404. Also *Campbell, County Judge* v. *Arkansas State Hospital*, 228 Ark. 205, 306 S.W. 2d 313 (1957). Counties are obligated to pay for costs of the administration of justice where required to do so by the legislature. *Mears* v. *Hall*, 263 Ark. 827, 569 S.W. 2d 91 (1978). The legislature, by enacting § 41-605 (9), as evidenced by the commentary, sought to "minimize" those costs to the county as a factor influencing the decision by a trial judge to commit a criminal defendant for a mental examination. It did not eliminate payments by the county of all cost factors. Here, as indicated, we interpret § 41-605 (9), as originally

enacted, as mandating the state to pay only the costs of personnel making or assisting in the mental examination. That leaves the unassigned costs to the county for payment. Consequently, if the legislature intended for § 41-605 (9) to be a complete substitute for §§ 43-1301 and 59-404, then there would be no provision for the assignment of responsibility for the remainder of the costs of examination; i.e., the "necessary maintenance costs of room and board" as sought here. This would be an impractical result which we think the legislature did not intend. The court was correct in its interpretation of the statutes involved.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.