**DISCOUNT RECORDS, INC., Appellant,**

v.

**CITY OF NORTH LITTLE ROCK and Steve Clark, Attorney General of the State of Arkansas, Appellees.**

No. 81–2090.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1982.

Decided March 15, 1982.

R. David Lewis, Little Rock, Ark., for appellant.

Jim Hamilton, City Atty., Spence Fricke, Chief Asst., City Atty., North Little Rock, Ark., for appellees, City of North Little Rock.

R. B. Friedlander, Asst. Atty. Gen., Little Rock, Ark., for appellees, State of Ark.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Discount Records, Inc., appeals from an adverse judgment upholding the constitutionality of Arkansas' Sunday closing laws, Ark.Stat.Ann. §§ 41–3851 to 41–3863 (1977). Discount Records contends that the district court[1] erred in determining that Arkansas' closing laws did not violate the first amendment establishment clause or the fourteenth amendment due process clause. We affirm.

Discount Records acknowledges that Sunday closing laws do not necessarily violate the proscription of the establishment clause and that the Supreme Court has previously upheld such statutes against constitutional attack. *See McGowan v. Maryland*, 366 U.S. 420, 444, 81 S.Ct. 1101, 1114, 6 L.Ed.2d 393 (1961); *Two Guys from Harrison-Allentown, Inc. v. McGinley*, 366 U.S. 582, 598, 81 S.Ct. 1135, 1143, 6 L.Ed.2d 551 (1961); *Braunfeld v. Brown*, 366 U.S. 599, 601, 81 S.Ct. 1144, 1144, 6 L.Ed.2d 563 (1961); *Gallagher v. Crown Kosher Market*, 366 U.S. 617, 630, 81 S.Ct. 1122, 1128, 6 L.Ed.2d 536 (1961).

The Court in *McGowan* stated:

The present purpose and effect of most [Sunday closing laws] is to provide a uniform day of rest for all citizens; the fact that this day is Sunday, a day of particular significance for the dominant Christian sects, does not bar the State from achieving its secular goals. To say that the States cannot prescribe Sunday as a day of rest for these purposes solely because centuries ago such laws had their genesis in religion would give a constitutional interpretation of hostility to the public welfare rather than one of mere separation of church and State. [366 U.S. at 445, 81 S.Ct. at 1115.]

Discount Records maintains, however, that the following language from *McGowan* indicates that the Court's decision did not insulate all such laws from constitutional attack:

Finally, we should make clear that this case deals only with the constitutionality of § 521 of the Maryland statute before us. We do not hold that Sunday legislation may not be a violation of the "Establishment" Clause if it can be demonstrated that its purpose—evidenced either on the face of the legislation, in conjunction with its legislative history, or in its operative effect—is to use the State's coercive power to aid religion. [366 U.S. at 453, 81 S.Ct. at 1119.]

Relying on this passage from *McGowan*, Discount Records tailored its pleadings and proof in an attempt to demonstrate that the Arkansas legislature enacted the Sunday closing laws for the purpose of aiding religion.

In 1965, when the Arkansas general assembly enacted the Sunday closing laws, it specified that the purpose of the Act was to provide for a uniform day of rest.

It has been found and declared by the General Assembly of the State of Arkansas that the practices prohibited by this Act are prevalent in Arkansas and that

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

such are depriving people of a uniform day of rest—which is a threat to their health, recreation and welfare; therefore, an emergency is declared to exist and this Act being necessary for the preservation of the public health, recreation and welfare, shall take effect and be enforced from the date of its approval. [Section 14 of Acts 1965, No. 135.]

Despite the Act's avowed secular purpose, Discount Records sought to demonstrate that the legislature acted out of religious motivation in passing the Act. Toward this end, Discount Records employed a professor of quantitative analysis to conduct a telephone survey to determine the personal motivation of those legislators who voted for the Act. The professor contacted sixty-one persons who had been members of the Arkansas general assembly during the passage of the Sunday closing laws. Fifty-one people responded.

According to the professor's analysis of the telephone interviews, sixty-seven percent of those responding indicated they had religious reasons for voting for the legislation. Based on this sampling, Discount Records claims to have demonstrated a religious purpose for enacting the Arkansas Sunday closing laws in contravention of the establishment clause. We disagree.

In *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), the Supreme Court questioned the reliability of contemporaneous remarks of individual legislators to establish improper legislative motive.

> Inquiries into congressional motives or purposes are a hazardous matter. When the issue is simply the interpretation of legislation, the Court will look to statements by legislators for guidance as to the purpose of the legislature, because the benefit to sound decision-making in this circumstance is thought sufficient to risk the possibility of misreading Congress' purpose. It is entirely a different

matter when we are asked to void a statute that is, under well-settled criteria, constitutional on its face, on the basis of what fewer than a handful of Congressmen said about it. What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork. [*Id.* at 383–84, 88 S.Ct. at 1682–83 (footnote omitted).]

Here, Discount Records seeks to establish improper legislative purpose by telephone interviews with some legislators sixteen years after the statute's enactment. Such evidence carries no weight as to legislative intent at the time of the bill's passage. *See County of Washington v. Gunther*, 452 U.S. 161, 176 n.16, 101 S.Ct. 2242, 2251 n.16, 68 L.Ed.2d 751 (1981). This *post hoc* attempt to reconstruct legislative intent contrary to the stated purpose of the Act must fail. *See United States v. O'Brien, supra*, 391 U.S. at 385–86, 88 S.Ct. at 1683–84.

Discount Records' due process[2] argument also lacks merit. The district court found that the prohibitions of the Act have a substantial relationship to the stated legislative purpose. The Supreme Court rejected a similar challenge to the classifications at issue in the Maryland Sunday closing laws. *McGowan v. Maryland, supra*, 366 U.S. at 426, 428, 81 S.Ct. at 1105, 1106. Appellant has offered no basis upon which to distinguish its due process challenge from that asserted in *McGowan. McGowan*, therefore, controls.

For the reasons stated, we affirm the judgment of the district court.

---

**2.** At trial, Discount Records challenged the Sunday closing laws on due process and equal protection grounds. Discount Records asserted as impermissibly vague the statutory classification of merchandise that could not be sold on Sunday. In addition, Discount Records con-

tended that the laws arbitrarily discriminated against certain businesses. The district court rejected both of these contentions on the basis of *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).