Charles D. RAGLAND, Commissioner of Revenues
*v.* ALLIED TELEPHONE CO. OF ARKANSAS, INC., et al

84-325                                                    687 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered April 15, 1985

*Timothy J. Leathers, Joseph V. Svoboda, Kelly S. Jennings, John H. Theis, Ann Kell, Joe Morphew, and Michael D. Munns,* by: *Wayne Zakrzewski,* for appellant.

*Lawrence E. Chisenhall,* for appellee Yelcot Telephone Co.

*Prince & Ivster,* for appellees Allied Telephone Co. of Ark., and Allied Utilities Corp.

*Timothy D. Brewer, D. D. Dupre, Gary S. Wann, Ronald D. Young,* and *Patricia J. Nobles,* for Southwestern Bell Telephone Co.

DAVID NEWBERN, Justice. The trial court entered a declaratory judgment to the effect that no sales tax need be collected by the appellees on charges levied for installation of telephones. The applicable statute, Ark. Stat. Ann. § 84-1903(c)(1) (Repl. 1980), says the tax will be levied on "all service and rental charges having any connection with transmission of any message." The court held the statute was unambiguous but that it should not be interpreted as including the installation charge as taxable because the appellant had acquiesced in the contrary interpretation from the time the statute came into effect, July 1, 1941, until 1982. In 1982 the appellant issued a "revenue policy statement" requiring collection of the tax on telephone installations. The statement's operation was prospective only. As this is a case involving statutory interpretation, our jurisdiction rests upon Arkansas Supreme Court and Court of Appeals Rule 29. 1. c.

The arguments of the appellees are essentially (1) that the trial court should be sustained in its finding that the statute is unambiguous because it has been unambiguously construed for over forty years, and (2) that even if the language of the statute requires the tax to be levied it may be varied by a principle of statutory construction giving weight to the manner in which the statute has been construed by the state official or agency responsible for its implementation.

## 1. Unambiguity of construction

The appellees contend the trial court's ruling was that the statute in question here was unambiguous regardless of its language, because it had been construed for over forty years as not requiring the tax. If indeed that was the holding we cannot sustain it. To determine ambiguity or lack of it we must look to statutory language rather than to un-ambiguous "construction." The appellees have cited no authority, and we have found none, in which a decision is premised on unambiguity of construction as opposed to unambiguity of statutory language.

## 2. Construction absent ambiguity

We agree with the trial court that the statute is

unambiguous. Its language leaves no doubt the General Assembly intended that all charges levied in rendering telephone service be subject to the tax. Thus, there was no reason to resort to principles of construction. *Vault* v. *Adkisson,* 254 Ark. 75, 491 S.W.2d 609 (1973).

The appellees have cited *Prewitt* v. *Warfield,* 203 Ark. 137, 156 S.W.2d 238 (1941), for the proposition that principles of statutory construction apply even when a statute is unambiguous. In that case language of no particular statute was found to be ambiguous, but the question was whether a previously enacted statute had been impliedly repealed by a later statute. It thus involved an ambiguity created by conflicting language of two statutes.

The two principal cases relied on by the appellees as permitting construction of statutory language by considering the consistent and long-standing interpretation by the state agency responsible for its implementation are *Arkansas Public Service Commission* v. *Allied Telephone Company,* 274 Ark. 478, 625 S.W.2d 515 (1981), and *Walnut Grove School District* v. *County Board of Education,* 204 Ark. 354, 162 S.W.2d 64 (1943). It is enough to say of those cases that each properly applied the construction principle urged here because each involved interpretation of ambiguous statutory language.

Reversed.