The Honorable Chris Raff Prosecuting Attorney 411 North Spruce Street Searcy, AR 72143
Dear Mr. Raff:
This is in response to your request for an opinion regarding a countywide one cent sales tax which recently went into effect in White County. According to information supplied with your request, the ballot title stated that 5% of the sales tax is to be used for "Voluntary Fire Departments." The question posed in this regard is: "Should these funds be distributed to all voluntary fire departments or can these funds be limited to the thirteen (13) `rural' fire departments?"
The term "voluntary fire department" could conceivably include municipal volunteer fire departments, rural fire departments formed as subordinate service districts of the county or as improvement districts, or subscription fire departments formed as non-profit organizations. See, e.g., A.C.A. 14-28-101 to — 103 (Supp. 1989); A.C.A. 16-5-101 (Supp. 1989). Our research has not disclosed a definition of the term "voluntary (or volunteer) fire department."
Resort to extrinsic evidence in order to ascertain the voters' intent in this instance may, therefore, be appropriate. The Arkansas Supreme Court has recognized the rule of statutory construction approving the use of extrinsic aids where the intent is unclear. See, e.g., Arkansas State Highway Commission v. Mabry, 229 Ark. 261, 315 S.W.2d 900 (1958); Mears v. Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339 (1979). The courts will look to such factors as evidence of the historical context of an act, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of their jurisdiction. Mears v. Arkansas State Hospital, supra; McLean v. Arkansas Bd. of Ed.,529 F. Supp. 1255 (E.D.Ark. 1982). In McLean v. Arkansas Bd. of Ed., supra, the court cited to contemporaneous statements of a legislative sponsor in its determination of legislative intent.
The above factors may, in my opinion, be considered in this instance in order to determine what was intended by inclusion of "Voluntary Fire Departments" within the categories funded by the sales tax. If the issue was submitted to the voters by the quorum court, there appears to be precedent for considering the contemporaneous statements of quorum court members in this regard.[1] McLean, supra. I do not believe, however, that campaign material of advocates of the sales tax is a proper consideration. See, generally, Hodges v. Dawdy, 104 Ark. 583, 149 S.W. 656 (1912) (constructions placed upon a constitutional amendment by its supporters and opponents in a campaign preceding its adoption are not proper aids to its judicial interpretation.)
The question is, ultimately, a factual one, to be resolved based upon appropriate evidence of legislative intent. While the factual nature of the question precludes our issuance of an opinion on the matter, we hope that the foregoing offers sufficient guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Subsequent testimony of a legislator with respect to his intent in introducing legislation has, however, been held inadmissible. Discount Records, Inc. v. City of North Little Rock, 671 F.2d 1220 (8th Cir. 1982); Police Pension Fund v. City of Little Rock, 295 Ark. 585, 750 S.W.2d 950 (1988).