Ms. Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion on the following two questions regarding Act 494 of 1993, entitled "An Act to Reduce the Growth of State Government by Limiting Expenditures to Less than the Amount Appropriated":
 (1) As stated in this Act, it applies to any agency, institution, department, board, or commission. Does this Act apply to a constitutional office?
 (2) As noted in Section 2, does an executive proclamation from the Governor, a constitutional officer, have any jurisdiction over another constitutional officer?
In my opinion, a court faced with this question would be inclined to hold that Act 494 does not apply to constitutional offices.
Act 494 of 1993 provides in pertinent part that "no more than 95% of any appropriation made by the General Assembly for the benefit of any agency, institution, department, board or commission of this State government," having more than ten authorized employee positions, shall be expended or obligated for each year of the biennium. Section 2 of the Act provides that if an agency, board, commission, institution, or department demonstrates that this restriction will create an emergency situation affecting the public health, welfare or safety of the citizens of this State, the Governor shall issue an Executive Proclamation authorizing the expenditure of additional money, not to exceed the amount appropriated by the General Assembly. Section 3 of the Act specifically exempts from its coverage several appropriations relating to education and the State Highway Department. The relevant language of Act 494 was formerly codified at A.C.A. 19-2-402 and 403 (1987), but was repealed by Act 646 of 1987. Thus, Act 494 is a reenactment of a former code provision.
Act 494 does not specifically state that it applies to constitutional offices or to offices generally; by its terms, it applies only to "any agency, institution, department, board or commission of this State government." The first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Consideration of this principle as well as the numerous instances in which the legislature has specifically referred to "offices" in statutes made applicable to Arkansas agencies, institutions, departments, boards, and commissions leads me to conclude that Act 494 does not apply to constitutional offices. See, e.g., A.C.A. 10-3-306, -307 (1987); A.C.A. 10-3-402, -407, -411 (1987); A.C.A. 10-4-102, -106, -112 (1987); A.C.A. 12-30-203, -204, -208, -212, -213 (1987); A.C.A. 12-79-104 (1987); A.C.A. 13-2-212(c) (1987); A.C.A. 21-1-101 (1987); and A.C.A. 22-5-411 (1987). Indeed, when the legislature has intended the term "agency" to include the term "office" with respect to a particular chapter or subchapter of the Code, it has specifically said so, by definition. See, e.g., A.C.A. 10-3-309 (1987); A.C.A. 13-4-103
(1987); A.C.A. 15-5-103 (1987); A.C.A. 15-6-103 (1987); A.C.A.19-1-603, -606 (1987); A.C.A. 19-4-801 (1987); A.C.A.19-11-203(25) (1987); A.C.A. 19-11-701(16); A.C.A. 21-5-801
(1987); A.C.A. 22-3-1301 (1987); A.C.A. 22-3-1403 (1987); A.C.A.23-17-202 (1987); and A.C.A. 25-1-102 (1987). In my opinion, if the legislature intended Act 494 to apply to state offices including constitutional "offices," it should and would have said so specifically, as it has done in the provisions cited above.
It should also be noted that in construing a statute, a court will consider the consequences of interpretation. See Mears v.Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339 (1979). In my opinion, interpreting Act 494 as applying to constitutional offices raises several constitutional issues involving the separation of powers doctrine and the unlawful delegation doctrine. See generally Opinion Nos. 91-020 and 82-132, copies of which are enclosed. It is well settled that if it is possible for a court to construe an act so that it will meet the test of constitutionality, it will do so. See Clinton v. Bonds,306 Ark. 554, 816 S.W.2d 169 (1991); Davis v. Schimmel,252 Ark. 1201, 482 S.W.2d 785 (1972). It is my opinion that the potential constitutional problems posed by the application of Act 494 to constitutional offices might make a court reluctant to construe the Act as applying to those offices in the absence of a clear expression of legislative intent that it do so. As the Act contains no clear expression of intent that it apply to constitutional offices, I believe that a court faced with this question would be inclined to conclude that it does not apply to such offices.
As the answer to my first question appears to have rendered your second question moot, there is no need to address it.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh