The Honorable Robin L. Mays Chancellor, Fourth Division Chancery Court 401 West Markham, Suite 340 Little Rock, AR 72201
Dear Judge Mays:
This is in response to your request for an opinion regarding whether the county purchasing director can promulgate regulations with respect to stationery for circuit, chancery or circuit/chancery judges. You have asked, specifically, whether the county purchasing director, county judge or quorum court can dictate that the sitting trial judge cannot have bond paper, raised lettering or a gold seal on his or her stationery.
Regarding the county's promulgation of regulations in this regard, it is my opinion that such regulations are likely outside the county's authority or discretion, following the Arkansas Supreme Court's determination that a circuit court and its employees are not a "local matter" over which a quorum court has legislative authority. Venhaus v.State, 285 Ark. 23, 25, 684 S.W.2d 252 (1985). The court in Venhaus
stated: "[Amendment 55 to the Arkansas Constitution] provides that the quorum court may exercise only `local legislative authority.' Section 1(a). In addition, our earlier cases have set out additional reasons thequorum court is without discretion to set the expenses of state courts."285 Ark. at 25 (emphasis added).
In response to your specific question concerning the use of bond paper, or raised lettering or a gold seal on a judge's stationery, again it is my opinion that the county cannot, through regulations, dictate the refusal of these office expenses or supplies. Case precedent indicates that this falls outside the county's local legislative authority.
It must be recognized, however, that notwithstanding the likely unenforceability of local regulations in this regard, a question may remain under A.C.A. §§ 16-13-219 and -324 (Repl. 1994) concerning the county's ultimate obligation to pay the expenses. These Code sections address, respectively, the payment of circuit and chancery court expenses. Subsection (a) of both Code sections requires that court expenses "shall be paid out of the county treasury in which the court is held in the same manner as other demands." Subsection (b)(1) of both provisions then states in relevant part that the expenses "shall include reasonable sums for . . . reasonable office expenses and office supplies. . . ."
The legislature has thus required the county's payment of "reasonable office expenses and supplies." And the Arkansas Supreme Court has held, generally, that the counties are obligated to pay for costs of the administration of justice when required to do so by the legislature. SeeMears, County Judge v. Ark. State Hospital, 265 Ark. 844, 846,581 S.W.2d 339 (1979). See also Villines v. Tucker, 324 Ark. 13, 17, ___ S.W.2d ___ (1996). The question may focus, therefore, on whether the particular expenses in question are "reasonable." While the county cannot, in my opinion, dictate the refusal of court expenses as a regulatory
matter, the refusal to pay particular demands may be upheld if it is established that the expenses or supplies are not reasonable. This will be a question of fact in each instance. The term "reasonable" is not defined. Black's Law Dictionary 1138 (5th ed. 1979) defines "reasonable" as "[f]air, proper, just, moderate, suitable under the circumstances. Fit and appropriate to the end in view. . . ."
In conclusion, therefore, it is my opinion that the county lacks regulatory authority over circuit or chancery court expenses. A fact question may arise, however, under A.C.A. §§ 16-13-219 and -324, regarding the reasonableness of particular expenses. You state that the county has in the past provided raised lettering on stationery, suggesting that at one time at least this was considered a reasonable expense item. I do not know why the county is now refusing this expense. To the extent, however, that the reasonableness of this expense is in question, the issue will, it seems, have to be resolved through the county claims process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh