Argued October 6, affirmed November 10, 1966

# HARRYMAN *v.* ROSEBURG RURAL FIRE
## PROTECTION DISTRICT

420 P. 2d 51

*Edward M. Murphy,* Roseburg, argued the cause for appellant. On the brief were Stults, Jayne & Murphy, Roseburg.

No appearance for respondent.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

O'CONNELL, J.

This is an action to recover the value of unused sick leave accumulated by plaintiff while employed by defendant. Defendant appeals from a judgment in favor of plaintiff.

Plaintiff was employed as a fireman by defendant. His employment was terminated on June 1, 1965, at which time he had accumulated 47 days of sick leave. Defendant refused to pay for the accumulated time on the ground that its sick leave provision allowed compensation only where there was an excused absence from work due to illness, and on the ground that the provision had been revoked prior to plaintiff's termination of employment. The provision, adopted by the board of directors of defendant at a special meeting on June 29, 1960, was as follows:

"Sick Leave:

"One (1) day per month, up to *90* days, Cash On termination."

This language would seem to have no meaning other than to express the purpose of making provision for unused sick leave accumulated by an employee prior to the termination of his employment. The officers of defendant understood this to be the defendant's policy. In a written declaration of policy issued in 1964 and signed by the chairman and secretary of the board of directors, the following statement was made:

"If and or when an employe leaves the employ-

ment of the district, the employe will remain on the pay roll and receive wages the same as if the employe were on sick leave, and continue until such time all the employe's accumulated sick leave is used. Such pay will be mailed to the employe each pay period by the pay master and will be classified as Sick Leave Pay.

"However the employe shall retain the right to receive all accumulated sick pay in one lump payment."

■ Defendant argues that even if the sick leave provision is to be construed as plaintiff contends, the provision was not lawfully adopted because it was voted upon at a special meeting on June 29, 1960, notice of which did not specify the consideration of sick leave as a proposed item of business. We find it unnecessary to pass upon the sufficiency or the necessity of notice in the circumstances of this case because these questions were not properly presented to the trial court. Defendant objected to introduction of the minutes of the special meeting on the ground noted above. The trial court held that the minutes were admissible and that the validity of the action taken by the board of directors at the meeting was a question separate from the admissibility of the minutes. Defendant did not raise the question of the validity of the meeting in any other way. Consequently, the trial judge was never given the opportunity to rule directly upon the validity of the meeting.

Moreover, if the question had been raised directly, it is quite possible, indeed probable, that plaintiff could have shown that the action taken at the June 29th meeting was subsequently ratified by the board. In fact, the trial judge was of the opinion that there

was evidence sufficient to support a finding of ratification by the board.[1]

■ Defendant argues that ORS 294.100 (1) and 294.326 (1) prohibit it from expending money unless budgeted in compliance with the local budget law and that the sum which plaintiff seeks to recover was not budgeted. Defendant budgeted a certain amount for personal services. Plaintiff seeks compensation for personal services. The claim, therefore, falls within an item of the budget. It is possible that plaintiff's claim, along with other claims for sick leave compensation, will result in expenditures in excess of the budgeted item. But an expenditure in excess of the amount designated for a budgeted item does not violate the statute requiring an item to be budgeted.

■ Finally, defendant contends that allowance for sick leave was a gratuity and, therefore, when the board revoked the sick leave provision, whatever rights plaintiff had were terminated. Defendant relies upon *Halek v. City of St. Paul*, 227 Minn 477, 35 NW2d 705 (1949), which holds that sick leave granted to city employees is a mere gratuity creating in the employee a mere expectancy which can be abolished by the city without compensation. We take a different view. When plaintiff entered upon his employment with defendant he was advised that he would receive an allowance for accumulated sick leave upon termination of employment. He accepted employment upon the assumption that the allowance for sick leave was a part of his compensation for services. Since it was a part of the inducement to accept employment, it can

---

[1] The evidence established that other employees had been paid for accumulated sick leave under board policy—payment which could be made only after positive action by the board.

be regarded as a contractual term of plaintiff's employment.[2] Defendant could not, therefore, deprive plaintiff of the allowance after he had earned it.

Judgment affirmed.

---

[2] See Adams v. City of Modesto, 53 Cal2d 833, 3 Cal Rptr 561, 350 P2d 529 (1960); Ramey v. Public Service Comm., 296 Mich 449, 296 NW 323 (1941).