Argued September 13, affirmed November 23, 1973

WHEELER, *Appellant, v.* MISSION ELECTRIC &
PLUMBING SUPPLY, INC., *Respondent.*

515 P2d 1323

*William K. Shepherd,* Portland, argued the cause
for appellant. With him on the briefs were Shepherd,
Fedde & Miller, Portland.

*Bruce L. Engel,* Portland, argued the cause for
respondent. With him on the brief were Engel and
Kellar, Portland.

Before O'CONNELL, Chief Justice, and DENECKE,
TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiff filed this action against defendant, his former employer, seeking to recover vacation pay plus penalty wages and attorney fees. The trial court entered a judgment of involuntary nonsuit, and plaintiff appeals.

■ Vacation pay is a matter of contract between the employer and the employee. *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 432 P2d 512 (1967).①

Plaintiff was employed as a sales manager for defendant. Their contract of employment stated:

"Upon termination of employment with Mission Elec. & Plbg., the following will govern as regards unused vacation time:

"a. If termination is by the direction of the Company, unused vacation time will be paid for at the current rate of pay.

"b. If termination is by the desire of the individual, unused vacation time will NOT be paid for."

The facts are undisputed. Prior to July 6, 1971, the plaintiff had been employed by defendant for approximately five years. Plaintiff made several unsuccessful attempts to purchase the defendant company. He then made plans to leave defendant's employment and to start a competing business. According to plaintiff, on July 6, 1971, he went to the office of

---

① This court has also previously held that payment for sick leave and payment of a bonus is a contractual matter between the employer and employee and is not a mere gratuity given by the employer. Thompson v. Burr, 260 Or 329, 490 P2d 157 (1971); Harryman v. Roseburg Fire Dist., 244 Or 631, 420 P2d 51 (1966).

defendant's president and general manager and the following occurred:

"We went to an adjoining office, and I told him I was leaving the company. He said fine, went on talking to me, wanted to know when. I told him two weeks. He said, 'That's fine, you got some things to clear up.'

"We went on discussing it for a few more minutes, maybe 15 minutes. And then Mr. Pelett said, 'You come in here to quit, you didn't come in to negotiate?' I said, 'That's correct.'

"Prior to this he inquired what I was going to do. I didn't tell him what I was going to do. I didn't feel — didn't tell him at that time. And he said, 'You come in here to quit, okay; I can't accept your notice.' I asked about vacation pay, what about vacation pay. He said, 'I will check.' I said, 'You mean with your attorney?' He said, 'No, with the State.' Said to clean my desk out. I started to walk around the room to clean the desk, and then he — that was about the extent of it. I took care of some things, cleaned my desk, and left."

Plaintiff also stated:

"THE COURT: If I understand you correctly, counsel asked you if you indicated on July 6th to Mr. Pelett what you were doing, and you answered you were there to quit?

"THE WITNESS: That's a fair statement. As I explained before this, I was leaving in two weeks, I tried to make it clear all the time I was trying to quit."

Plaintiff contends he was discharged and therefore he was entitled to vacation pay under his contract with defendant.

■ We believe the trial court correctly granted the motion for judgment of involuntary nonsuit. The contract clearly provided that if the employee terminates

the employment, he is not entitled to vacation pay. The plaintiff's statement that he was quitting two weeks hence does not alter the fact that the "termination was by the desire of the individual" under the terms of the contract. The record discloses that plaintiff had intended to quit for some time and, in fact, articles of incorporation for plaintiff's new corporation were executed on the same day that plaintiff advised defendant of his desire to terminate the employment.

Affirmed.