Argued and submitted April 8, affirmed September 7, 1994, petition for review denied January 24, 1995 (320 Or 507)

Thomas A. BRETT;
William L. Childers; Jan E. Clements;
Bret M. Freeman; John T. Parr;
Robert N. Wilson; Randall G. Wight;
and Gregory W. Zahar,
*Appellants,*

*v.*

CITY OF EUGENE,
an Oregon municipal corporation,
*Respondent.*

(16-92-09357; CA A80814)

880 P2d 937

Mark W. Perrin argued the cause and filed the brief for appellants.

William F. Gary argued the cause for respondent. With him on the brief was Judith Giers.

Before Rossman, Presiding Judge, and Leeson and Haselton, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiffs appeal from the trial court's entry of judgment for defendant in this action in which they claimed that defendant breached its contracts of employment with each of the plaintiffs when it unilaterally modified the terms and conditions of those contracts by limiting plaintiffs' ability to accrue leave benefits. We affirm.

Plaintiffs are all police sergeants or lieutenants employed by defendant in the Eugene Department of Public Safety (DPS). Plaintiffs are "exempt" employees, meaning that they are not represented by a union and that the terms of their employment are not determined by a collective bargaining agreement. Their compensation and benefits are fixed by the city manager. They have no integrated written contract of employment with defendant. Their contracts consist of a combination of written and oral communications from defendant and day-to-day practices of defendant. Plaintiffs are employed for an indefinite term. They may quit at any time and may be discharged for "cause" or laid off at any time for reasons of business necessity, subject to certain seniority-based lay-off rights. They participate in the Public Employees' Retirement System (PERS).

Employees of defendant who work overtime are allowed to choose between being paid for their overtime hours or accruing "compensatory time," which represents hours that an employee can take off in the future. Compensatory time is accrued on a 1/1 or 1/1.5 basis. Hours of compensatory time not used can be paid at retirement or upon separation from employment with defendant. It is a long-standing policy of defendant that for exempt employees the maximum compensatory time that can be accrued is 80 hours. Before October 23, 1992, however, that policy was not enforced with respect to lieutenants and sergeants at DPS. Plaintiffs were allowed to accrue compensatory time on an unlimited basis.

Shift Holiday Leave (SHL) is earned by those employees who work rotating shifts, to compensate them for the fact that they may have to work on a holiday. It is accrued at a fixed rate of 9.33 hours per month. In the past, and until October 23, 1992, there was no cap for the accumulation of SHL for police lieutenants and sergeants. On that date,

defendant, through its DPS director Dave Whitlow, instituted a cap on the future accrual of SHL.

Before October 22, 1992, plaintiffs had accrued substantial balances of compensatory time and SHL. It had been the practice among police lieutenants and sergeants to accumulate large balances of these leave benefits and to collect them in one lump sum in their final paycheck before retirement. By doing so, those lieutenants and sergeants increased their final three-year average salary upon which their PERS retirement benefits would be calculated, thereby increasing their potential monthly retirement benefit.

In early 1990, defendant's management began a study of the financial advisability of allowing employees to accumulate large leave balances without limitation. In October, 1992, defendant, through its director of DPS, instituted a cap of 80 hours on the accrual of compensatory leave and 112 hours on SHL. The compensatory time cap was effective immediately. The SHL cap does not become effective for current exempt employees until July 1, 1995. The caps operate only prospectively. Employees with compensatory time balances in excess of the 80-hour cap will not lose those hours, nor will the hours be paid off. However, no new hours can be added to the balance. Employees at or above the compensatory time cap must take all future overtime in pay or in time off during the pay period in which it is accumulated.

The SHL cap was implemented a little differently. An employee's SHL balance is to be reviewed yearly on June 30. Hours over the cap on that date will be lost. That rule applies to all new exempt employees hired after October 23, 1992. For existing employees, including plaintiffs, current unlimited accrual remains in effect until July 1, 1995. At that time, any hours in excess of the 112-hour cap in the employee's SHL account will be shifted to a new account (the excess account). The employee will then have two SHL accounts: one in which currently earned SHL hours will accrue, subject to the cap, and one in which the excess accrued through June 30, 1995, will be stored. Time off can be charged against either account, but no additional hours may accrue in the excess account. Upon termination, the balances in both accounts will be paid to the employee on the same basis that SHL was paid before the policy change.

Upon notification of the policy change, plaintiffs brought this action, contending that defendant breached contracts of employment with them by unilaterally changing the terms and conditions of employment.

■        The first three assignments of error relate to the trial court's determination that defendant could unilaterally modify the terms of the employment by altering the accrual of leave benefits. We conclude that the trial court was correct that, in the absence of an agreement to the contrary, employer has the right to modify benefits unilaterally and prospectively. *See State ex rel Roberts v. Public Finance Co.*, 294 Or 713, 716, 662 P2d 330 (1983); *Albrandt v. Sterling Furniture Co.*, 85 Or App 272, 275, 736 P2d 201, *rev den* 304 Or 55 (1987).

■        Although they have been subject to considerable statutory and judicial modification over the years, *see, e.g.*, ORS ch 659; ORS ch 652; ORS 241.430; *Yartzoff v. Democrat-Herald Publishing Co.*, 281 Or 651, 576 P2d 356 (1978), certain legal presumptions exist to govern the terms of the employment relationship when there is no written or oral employment contract. The best known of these is the doctrine of employment-at-will. In the absence of a contractual, statutory or constitutional provision to the contrary, the general rule is that an employee may quit and an employer may discharge an employee at any time. *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 733 P2d 430 (1987). From this general rule follows the more specific presumption that an employer is free to set the terms and conditions of the work and compensation and that the employee may accept or reject those conditions. *State ex rel Roberts v. Public Finance Co., supra*, 294 Or at 716. By continuing to work for an employer after the employee is aware of a change in the employer's policies, the employee impliedly accepts the change in his or her employment contract. *Page v. Kay Woolen Mill Co.*, 168 Or 434, 439, 123 P2d 982 (1942).

■■        The fact that plaintiffs may be discharged only for cause, and thus are not employed strictly at-will, does not alter the presumption that other unspecified terms and conditions of the employment may be modified by the employer at any time. Assuming that the right to accrue unlimited leave is a contractual term of plaintiffs' employment, we

conclude that it is a term that employer may modify prospectively in the absence of an agreement to the contrary. Plaintiffs claim that, by having permitted for so long the unlimited accrual of leave, employer has impliedly agreed that it would not change that practice. The trial court found that there was no promise by employer never to change its practice of allowing unlimited leave accrual. That determination is supported by the evidence.

■       Plaintiffs contend that, because accrued leave can be applied to enhance retirement benefits, the *right to accrue unlimited leave* is analogous to a pension benefit and may not be modified. We reiterate here that defendant's new policy applies prospectively only. It does not affect previously accrued leave, and that leave may be paid with the employees' final paycheck. Only future leave accrual is affected by the new policy. Defendant acknowledges that already accrued leave, as well as the right to be paid for that leave in the last paycheck, is a vested interest that may not be touched. In *Harryman v. Roseburg Fire Dist.*, 244 Or 631, 420 P2d 51 (1966), the Supreme Court held that a public employer may not unilaterally revoke a provision allowing payment for unused accumulated sick leave at the time of termination. The court reasoned:

> "When plaintiff entered upon his employment with defendant he was advised that he would receive an allowance for accumulated sick leave upon termination of employment. He accepted employment upon the assumption that the allowance for sick leave was a part of his compensation for services. Since it was a part of the inducement to accept employment, it can be regarded as a contractual term of plaintiff's employment. Defendant could not, therefore, deprive plaintiff of the allowance after he had earned it." 244 Or at 634. (Footnote omitted.)

It is conceded that defendant could not take away any already accumulated leave or the right to receive payment for it in the last paycheck. Those benefits are protected, vested property interests that may not be unilaterally modified or terminated. *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992). However, the focus of this litigation is on *unaccumulated* leave. Plaintiffs contend that the right to continue to accrue leave in the future is a vested pension benefit. It is not. Unlike a pension benefit, the right to accrue leave in the future is not

deferred compensation. *See Hughes v. State of Oregon, supra.* It is not even compensation. It is simply an option given employees with respect to the use of a part of their compensation. The court did not err in granting judgment to defendant.

Affirmed.