Todd SNODGRASS;  Kathy Snodgrass,
Plaintiffs—Appellants,

v.

LANPHERE ENTERPRISES, INC., an
Oregon corporation, Defendant—
Appellee.

No. 01–35879.
D.C. No. CV–00–00700–KI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided April 2, 2003.

Before O'SCANNLAIN, FERNANDEZ
and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiffs-appellants ("plaintiffs") Todd
and Kathy Snodgrass brought suit against
defendant-appellee ("defendant") Lan-
phere Enterprises, Inc. for breach of con-
tract.  The plaintiffs claim that Snodgrass
was never given the job he was promised:
general sales manager (GSM) of Lan-
phere's Infiniti dealership.  The district
court granted summary judgment for Lan-
phere, holding that Snodgrass' employ-

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

ment contract was modified when he continued to work at a lower position and salary, and that such modification extinguished the plaintiffs' right to sue for breach of the original contract. The plaintiffs now appeal. Because the facts are known to the parties, we will not recount them except as necessary.

## I.

The parties do not dispute that a modification took place at some point during the course of Snodgrass' employment with Lanphere.[1] However, the parties do dispute when the modification took place and whether the modification extinguished Snodgrass' right to sue for any breach that occurred prior to modification. We address the dispute over the date of modification in part II below.

■ The district court erred in holding that the modification of an at will employment contract extinguishes the original contract and any right to sue for its breach. Under Oregon law, a modification to an employment contract operates prospectively. *Mail–Well Envelope Co. v. Saley*, 262 Or. 143, 497 P.2d 364, 368–69 (Or.1972); *Page v. Thomas Kay Woolen Mill Co.*, 168 Or. 434, 123 P.2d 982, 984–85 (Or.1942); *Brett v. City of Eugene*, 130 Or.App. 53, 880 P.2d 937, 939 (Or.Ct.App. 1994); *see also Albrant v. Sterling Furniture Co.*, 85 Or.App. 272, 736 P.2d 201, 203 (Or.Ct.App.1987). A right which is earned or which vests prior to modification is not extinguished by such modification. *Olson*

*v. F & D Publ'g Co., Inc.*, 160 Or.App. 582, 982 P.2d 556, 559–60 (Or.Ct.App.1999); *see Fish v. Trans–Box Sys., Inc.*, 140 Or.App. 255, 914 P.2d 1107, 1109 (Or.Ct.App.1996) (suggesting that an employee can sue for damage that occurred prior to modification while the original contract was still in force). Thus, an employer cannot retroactively revoke benefits that have already vested in an employee at the time of modification. *Olson*, 982 P.2d at 560. The question thus becomes whether any benefits vested in Snodgrass before modification and whether any such benefits remain unpaid. The answer in turn depends on the date of modification.

## II.

■ Lanphere argues that the employment contract was modified on April 27, 1999, the day Snodgrass reported for work. The plaintiffs claim that modification did not occur until October 1999, because that was when Todd Snodgrass finally learned that he would not become Infiniti GSM. The district court found, based on Snodgrass' deposition, that modification occurred by mid-September at the very latest.

Viewing the record in the light most favorable to the plaintiffs, we agree with the district court that modification occurred by mid-September at the latest. Plaintiffs' claim that the modification took place in October 1999 is not supported by the record on summary judgment.[2] Although modification may have occurred as

---

1. The plaintiffs do not expressly argue in terms of modification in their appellate briefs; rather, they argue that Snodgrass did not "waive" his rights under the original employment contract by continuing to work for Lanphere in a different position at lower pay. Because the substance of the plaintiffs' waiver argument addresses the issue of modification, we construe their argument as one about modification rather than waiver.

2. The plaintiffs base their October 1999 argument on an excerpt from a deposition that was first presented to the district court in plaintiffs' motion for reconsideration. Appellate review, however, "is limited to the record presented to the district court at the time of summary judgment." *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 500 (9th Cir.1997).

early as April 27, 1999, we cannot say as a matter of law that it did. The defendant claims that on the first day of Snodgrass' employment, Snodgrass knew that he would not become the Infiniti GSM and accepted another position at lower pay. According to Snodgrass, however, Lanphere only asked him to fill in the other position on an interim, short-term basis until being made Infiniti GSM. Thus, there remains a dispute of material fact as to whether modification occurred on April 27, 1999, or some other date prior to mid-September. On the record before us, resolving this dispute is a matter for the trier of fact.

We note that modification may also have occurred on May 5, when Snodgrass signed a written employment agreement containing an integration clause.[3] Although the district court noted the existence of the May 5 agreement, it did not address whether that agreement constituted a modification as a matter of law. The parties have not briefed this issue.[4] We therefore decline to decide what, if any, prospective effect the May 5 agreement had on the terms of Snodgrass' employment contract. We leave this matter for the district court.

In addition to deciding the date of modification, whether any benefits actually accrued prior to modification and whether those benefits remain unpaid continue to be in issue.

## III.

The plaintiffs argue that they are entitled to reliance damages and that the district court erred in failing to consider this theory of recovery. The plaintiffs did not raise this issue at summary judgment; they first raised it in their motion for reconsideration, which the district court denied without comment. The plaintiffs' failure to raise this issue in opposition to summary judgment has resulted in waiver on appeal. *Self–Realization Fellowship Church v. Ananda Church of Self–Realization,* 59 F.3d 902, 912 (9th Cir.1995) ("A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration."); *Intercont'l Travel Mktg., Inc., v. FDIC,* 45 F.3d 1278, 1286 (9th Cir.1994) ("Raising an issue for the first time in a motion to reconsider is not considered adequate preservation of the issue at a summary judgment stage.").[5]

REVERSED and REMANDED.

---

3. The integration clause provides as follows: This agreement supersedes all prior agreements and understandings between Employer and Employee and this agreement expresses the whole and entire agreement between the parties with reference to Employee's employment, and cannot be modified or changed by any oral or verbal promises by whomsoever made.

4. Even if we assume *arguendo* that the May 5 employment agreement constituted a modification, it remains unclear what the terms of that modification were. Under Oregon law,

an express integration clause simply bars changing the terms of a contract and does not resolve what the terms of the contract mean. *See Or. Trail Elec. Consumers Coop., Inc., v. Co–Gen Co.,* 168 Or.App. 466, 7 P.3d 594, 603 n. 10 (Or.Ct.App.2000).

5. We express no view as to the district court's consideration of reliance damages on remand. Moreover, statements in this disposition about the facts are based on the record at summary judgment and are not meant to establish those facts as the law of the case.