Argued and submitted July 16, affirmed December 3, 2008, petition for review
denied March 26, 2009 (346 Or 115)

Karla FUNKHOUSER
and Suzanne Pearce,
*Plaintiffs-Appellants,*

*v.*

WELLS FARGO CORPORATION,
Norwest Corporation
and Wells Fargo & Company,
*Defendants,*

*and*

WELLS FARGO BANK, N. A.,
*Defendant-Respondent.*

Multnomah County Circuit Court
020808198; A134168

197 P3d 592

John P. Crowell argued the cause for appellants. With him on the briefs was Mark C. Rutzick.

Rodney Patula argued the cause for respondent. With him on the brief were George S. Pitcher and Williams, Kastner & Gibbs PLLC.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiffs' original employment contract with defendant Wells Fargo Bank allowed them to accumulate unused sick leave.[1] After the bank merged with another company and assumed a new corporate identity (also called Wells Fargo), the successor entity terminated the original contract and replaced it with one under which plaintiffs could not use their accumulated sick leave. Plaintiffs brought this action, arguing that their accumulated sick leave was a benefit of employment that they had already earned under the terms of the original contract and that, therefore, taking it away was a breach of that contract. The court granted defendant's motion for summary judgment, concluding that, because the new plan was an adequate substitute for the old one, plaintiffs had not suffered any cognizable damages. We affirm on a different ground: We conclude that, under the terms of the original contract, plaintiffs were not entitled to use their accumulated sick leave after the original contract ended.

The relevant facts are undisputed. Before July 1, 1999, defendant's benefits policy provided that "[f]ull-time employees accumulate eight hours of Sick Pay for each month they are actively employed" and that "accumulated Sick Pay * * * can replace 100% of * * * covered pay * * * for up to 120 calendar days" when the employee is "away from work because of illness, injury or pregnancy," among other specified reasons. The policy further indicated that employees would "not receive unused accumulated Sick Pay when [their] employment ends" and that an employee's "eligibility to accumulate and use Sick Pay ends if Wells Fargo stops providing the program."

In November 1998, defendant Wells Fargo Bank merged with Norwest Corporation and assumed a new corporate identity known as Wells Fargo & Company. The new entity announced to its employees in a February 1999 "benefits preview" bulletin that, effective July 1, 1999, it would implement a new benefits policy; this new policy, the bulletin

---

[1] "Defendant" refers to all of the named defendants: Wells Fargo Corporation, Norwest Corporation, Wells Fargo & Company, and Wells Fargo Bank, N.A.

stated, would "replace" the premerger employees' "accumulated sick pay balance." Plaintiffs Karla Funkhouser and Suzanne Pearce, as of that date, had worked for Wells Fargo and its predecessors for more than 20 years, and each had accumulated approximately 150 days of unused sick pay under the old policy.

Plaintiffs filed this putative class action, asserting a single claim for breach of contract and seeking to "recover sick pay time, or its monetary equivalent, due to themselves and all others similarly situated." The court held plaintiffs' motion for class certification pending a determination on the issue of liability. Defendant filed a motion to dismiss, arguing that plaintiffs' entitlement to accrued sick leave did not survive the termination of the original policy. The court denied that motion. The parties then filed cross-motions for summary judgment on the question of whether plaintiffs had suffered damages. The court compared the old benefits provision with the new one, stating that such a comparison was necessary to determine whether the new policy provided a "sufficient replacement" for the old, and concluded that it did. On that basis, it granted defendant's motion for summary judgment and denied plaintiffs'.

Plaintiffs' appeal, assigning error to the trial court's denial of its motion for summary judgment and to the court's grant of summary judgment in defendant's favor. As we explain below, we affirm, albeit on a different ground. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (appellate court may affirm trial court on basis other than that on which trial court relied when that argument was presented to trial court on a fully developed record).

The trial court's rulings on both parties' summary judgment motions are subject to review, *Cochran v. Connell*, 53 Or App 933, 939, 632 P2d 1385, *rev den*, 292 Or 109 (1981), and we review both according to the same standard: summary judgment is appropriate if the evidence in the record and all reasonable inferences that may be drawn from it, viewed in the light most favorable to the nonmoving party, disclose no issue of material fact, and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v.*

*General Motors Corp.*, 325 Or 404, 407-08, 939 P2d 608 (1997).

■ An employer's offer of an employment benefit amounts to an offer of a unilateral contract, and the employee accepts that offer by commencing or continuing employment. *McHorse v. Portland General Electric*, 268 Or 323, 331, 521 P2d 315 (1974) (long-term disability income); *Harryman v. Roseburg Fire Dist.*, 244 Or 631, 634-35, 420 P2d 51 (1966) (sick leave with cash value on termination); *Lauderdale v. Eugene Water and Electric Board*, 217 Or App 551, 560-61, 177 P3d 13 (2008) (employer contribution to health insurance after retirement); *Horton v. Prepared Media Laboratory, Inc.*, 165 Or App 357, 361-62, 997 P2d 864, *rev den*, 331 Or 283 (2000) (severance benefits). Under such contracts, an employer may prospectively modify or eliminate benefits that the employee has not already earned as compensation for his or her work, that is, benefits that have not vested, at the time of the elimination. *Furrer v. Southwestern Oregon Community College*, 196 Or App 374, 379, 103 P3d 118 (2004); *see also Fish v. Trans-Box Systems, Inc.*, 140 Or App 255, 259, 914 P2d 1107 (1996) ("[A]n employer may * * * modify the employment contract so long as the modification applies only prospectively." (Internal quotation marks omitted.)). The employer may not, however, unilaterally modify or revoke its benefits plan so as to deprive an employee of rights that have vested under it, even where the employer has expressly reserved the right to modify or revoke the plan itself. *McHorse*, 268 Or at 331; *Lauderdale*, 217 Or App at 564-65; *Horton*, 165 Or App at 363; *see also Hughes v. State of Oregon*, 314 Or 1, 20, 838 P2d 1018 (1992) (employee's contractual interest in a vested employment benefit may not be "substantially impaired").

■ The question here, therefore, is whether plaintiffs had a vested right to use accumulated sick leave. An employee's right to an employment benefit vests when that employee has satisfied all conditions precedent to eligibility for the benefit under the employer's policy. *McHorse*, 268 Or at 331; *see also MAN Aktiengesellschaft v. DaimlerChrysler AG*, 218 Or App 117, 125, 179 P3d 675, *rev allowed*, 345 Or 94 (2008) (interest was vested because it was not contingent). Accordingly, if an employment contract promises the

employee a cash allowance for accumulated sick leave upon termination of employment, the right to that cash vests the moment that the sick leave accrues. *Harryman* is illustrative. In that case, the Supreme Court held that the employer could not deprive the plaintiff of a "cash on termination" allowance for accumulated sick leave, despite the fact that it had revoked the policy providing for that allowance before the employee was terminated, because the plaintiff had accepted and commenced employment upon the assumption that the allowance was part of his compensation, and it had thereby become a term of his employment contract. 244 Or at 634-35.

■      The situation in the present case differs. "The question of when a benefit is earned or vested will vary in each case depending on the terms of the contract and the nature of the promised benefit." *Olson v. F & D Publishing Co., Inc.*, 160 Or App 582, 588-89 n 5, 982 P2d 556 (1999). The employment contract at issue in this case did not offer plaintiffs cash equal to the value of accumulated sick leave or the right to use accumulated leave after the contract ended. In fact, the contract explicitly stated that such a right was *not* part of the bargain: the contract, as we noted above, stated that employees would "not receive unused accumulated Sick Pay when [their] employment ends" and, more to the point here, it stated that an employee's "eligibility to accumulate *and use* Sick Pay ends if Wells Fargo stops providing the program." (Emphasis added.) Plaintiffs, by commencing employment, therefore accepted an offer containing a promise that they could use accumulated sick days if they became sick during the time that the contract was in effect. Put another way, the only right that vested upon plaintiffs' commencement of employment was the right to use accumulated sick leave if they became sick during the life of the contract. In instituting a new contract containing a policy that did not allow plaintiffs to use their accumulated sick leave or pay them a cash equivalent, defendant did not revoke a vested right or breach a contract. As a New York court explained,

> "Where the statute or contract provides that the employee may accumulate his sick leave with 'cash on termination,' the sick benefit is not contingent, but is vested as soon as the sick leave is accumulated. However, where there is no

provision for a cash payment on termination these sick leave benefits are contingent upon the employee becoming sick during the term of employment and they are lost upon termination of the employee, or at least upon his termination while in a healthy condition."

*Christian v. County of Ontario*, 399 NYS2d 379, 381 (Sup Ct 1977) (citations omitted); *accord Williams v. Riverside Community Corr. Corp.*, 846 NE2d 738, 749 (Ind Ct App 2006) ("An employee must be sick or other conditions must be present before an employee has a right to use sick leave. As such, sick leave is not a benefit which automatically vests when earned." (Internal quotation marks omitted.)); *Employer-Employee Relationship*, 30 CJS 220-21 § 171 (2007).[2]

In sum, plaintiffs did not use accumulated sick leave during the time that the old policy was in effect. They therefore had no occasion to avail themselves of the only vested right that they had—the right to use accumulated sick leave during their employment under the original contract. In replacing the original contract with the new one, defendant did not deprive plaintiffs of anything to which they had a vested right.

Affirmed.

---

[2] In *Brett v. City of Eugene*, 130 Or App 53, 58, 880 P2d 937 (1994), this court stated in *dicta* that "already accrued [sick] leave, as well as the right to be paid for that leave in the last paycheck, is a vested interest that may not be touched." *Brett*, however, dealt with a contract providing for cash for unused sick leave, and is therefore inapplicable here.